**Ronald J. SMALL, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Civ. A. No. 90–4550.

United States District Court, D. New Jersey.

March 9, 1992.

Ronald J. Small, pro se.

Paul A. Blaine, Asst. U.S. Atty., Camden, NJ, David B. Blair, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION

BROTMAN, District Judge.

Presently before the court are the motions of defendant Internal Revenue Service ("IRS") to strike "Plaintiff's Response to IRS Response DTD June 6, 1991" and for summary judgment.[1]

Plaintiff Ronald J. Small filed his complaint on November 19, 1990 seeking the release of documents from the IRS pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, Small requests all of the documents related to the IRS audit of his tax returns for the years 1985 and 1986.[2] Plaintiff's request encompasses 1049 pages of material compiled by the IRS. On March 29, 1991 and on April 30, 1991, the IRS released a total of 512 of these pages to Small. It contends that the other 537[3] pages are exempt from disclosure under FOIA exemptions (2), (3), (5), (7)(C), (7)(D) and (7)(E). (5 U.S.C. §§ 552(b)(2), (3), (5), (7)(C), 7(D) and (7)(E)).

## I. MOTION TO STRIKE

The IRS moves that this court strike "Plaintiff's Response to IRS Response

---

1. As the Honorable Magistrate Judge Jerome B. Simandle stated in his order of January 14, 1992, the court will consider Small's motion for a *Vaughn* index as part of plaintiff's opposition to the IRS's motion for summary judgment.

2. In his April 16, 1990 letter to the IRS, Small requested the following:

   1) a complete list of persons, agencies, corporations and other entities who were contacted for information by the IRS in relation to this audit and the authorization used for obtaining this information;

   2) a complete list of documents obtained by subpoena or other means, the business, corporation, agency or person from whom they were obtained and the authorization used in obtaining the documents; and

   3) all notes, telephone memos and correspondence between Ingrid Erlich or other IRS agents and Robert Andrew, Santa Rosa, California.

3. Of these 537 pages, 498 pages are being withheld in full and 39 pages are being withheld in part.

DTD June 6, 1991" since it constitutes a sur-reply brief which is not allowed under Rule 12 of the General Rules for the District of New Jersey. A sur-reply brief can be disregarded at the discretion of the judge. *In re Data Access Systems Securities Litigation,* 103 F.R.D. 130, 149 (D.N.J.1984). The court will deny the IRS's motion since Small is acting *pro se* but expects all parties to comply with the rules of procedure in the future.

## II. SUMMARY JUDGMENT

The standard for granting summary judgment is a stringent one. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Ins. Co.,* 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the court must view all doubt in favor of the non-moving party. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. denied,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870, 874 (3d Cir.1972). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Recent Supreme Court decisions mandate that "a motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring) (citing *Anderson,* 477 U.S. 242, 106 S.Ct. 2505, and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511.

In a FOIA case in which defendant is seeking summary judgment, the defendant must provide the court with detailed affidavits indicating why the withheld documents fall into categories that are exempt from disclosure under FOIA. *Patterson by Patterson v. FBI,* 893 F.2d 595, 599 (3d.Cir.1990); *Lame v. United States Department of Justice,* 654 F.2d 917, 921 (3d.Cir.1981); *see United States Department of Justice v. Reporters Committee,* 489 U.S. 749, 775, 109 S.Ct. 1468, 1483, 103 L.Ed.2d 774 (1989).

## III. FOIA EXEMPTIONS FOR DOCUMENTS WITHHELD

### a. Discriminant Function Scores

The IRS contends that the discriminant function ("DIF") scores[4] are exempt from disclosure under FOIA exemptions (3) as it incorporates 26 U.S.C. § 6103(b)(2), and (7)(E). The IRS has withheld three pages in part because they contain Small's DIF scores. FOIA exemption (3) incorporates other statutes which prohibit disclosure provided that such statutes either 1) require that the matters be withheld from the public in such a manner as to leave no discretion on the issue or 2) establish particular criteria for withholding or refer to particular types of matters to be withheld. The last sentence of 26 U.S.C. § 6103(b)(2) provides that the IRS does not have to disclose standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards if such disclosure will seriously impair assessment, collection or enforcement under the internal reve-

---

**4.** DIF scores are standards used by the IRS for the selection of returns for audit. They are the primary method by which tax returns are selected for audit by the IRS.

nue laws. *See Grasso v. Internal Revenue Service,* 785 F.2d 70 (3d.Cir.1986); *Long v. Internal Revenue Service,* 742 F.2d 1173 (9th Cir.1984).

The IRS contends that if the DIF scores become public, individual taxpayers could develop strategies for lowering their DIF scores and thereby avoid audits. For example, taxpayers could determine which line items have received high DIF scores and which have received low DIF scores and then shift items of income or deduction to ensure a lower DIF score and lower likelihood of an audit.

The IRS also claims exemption of the DIF scores pursuant to FOIA exemption (7)(E) which exempts from disclosure law enforcement information which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *See Williams v. Internal Revenue Service,* 479 F.2d 317 (3d Cir. 1973). The IRS contends that release of the DIF scores will enable taxpayers to circumvent the tax laws by enabling them to determine which line items on a return are likely to be significant variables in the DIF formula.

The court agrees with the IRS. If the DIF scores were made public, taxpayers could impede the IRS's investigative standards for determining which taxpayers should be audited and will allow taxpayers to circumvent the law by developing strategies to avoid audits. The IRS will not be required to provide Small with these scores.[5]

*b. Treasury Enforcement Communications System and Currency and Banking Retrieval System Information*

■ The IRS contends that seven pages are exempt from disclosure pursuant to

FOIA exemption (3) which incorporates 31 U.S.C. § 5319. These pages contain information from the Treasury Enforcement Communications System ("TECS") and the Currency and Banking Retrieval System ("CBRS").[6]

31 U.S.C. § 5319 provides that financial institution reports and records of reports of transactions involving the payment, receipt or transfer of United States coins and currency are exempt from disclosure under FOIA. Since this statute explicitly restricts the release of this information, the IRS must withhold this information from Small under FOIA. Accordingly, the court also grants summary judgment to the IRS pursuant to FOIA exemption (3).

*c. Third Party Tax Return Information*

■ The IRS has withheld nine pages in part which contain tax return information of third parties. The IRS contends that this information is excluded by FOIA exemption (3) which incorporates 26 U.S.C. § 6103. Section 6103 prohibits the IRS from disclosing tax return information of third parties. Since the IRS has no discretion in this matter, this information is also exempt from disclosure.

*d. Confidential Sources and Invasion of Privacy*

The IRS has withheld 486 pages in full and six pages in part of material relating to, or supplied by alleged confidential sources. It claims that these pages consist of memoranda of interviews with confidential sources, correspondence from confidential sources regarding Small and correspondence from the IRS regarding claims for rewards for information received from confidential sources. Moreover, the IRS claims that most of these

---

**5.** The IRS has also withheld three pages in part because they contain information concerning IRS tolerances and audit guidelines. It contends that this information is also exempt from disclosure by FOIA exemption (7)(E) because if this information is revealed, taxpayers would devise strategies to circumvent the internal revenue laws by tailoring their returns to stay within these tolerances and guidelines. The court will

also grant summary judgment for the IRS with respect to this information since providing this information to taxpayers would also allow them to circumvent the internal revenue laws.

**6.** TECS and CBRS are Treasury compilations of Treasury enforcement information filed by financial institutions.

documents cannot be edited without revealing the confidential sources and that if some of these documents were released it would constitute an invasion of personal privacy.

FOIA exemption (7)(D) exempts from disclosure records or information compiled for law enforcement purposes which "could reasonably be expected to disclose the identity of a confidential source...." A person is a confidential source "if the person provided information under an express assurance of confidentiality or in circumstances in which such an assurance could be reasonably inferred. Whether there is an express or implied assurance of confidentiality is a question of fact to be determined in regard to each source." *Lame* at 923. Exemption (7)(C) exempts from disclosure records or information compiled for law enforcement purposes which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See Id.* at 922–925.

The Third Circuit has adopted the procedure of requiring an agency to provide a detailed public index for its claims of exemptions under FOIA. *Ferri v. Bell,* 645 F.2d 1213, 1222 (3d.Cir.1981) (detailed index required since affidavits provided by the agency were too general and conclusory). It has required agencies to provide an index that "would correlate statements made in the Government's refusal justification with the actual portions of the document." *Lame* at 921; *Vaughn v. Rosen,* 484 F.2d 820, 827 (D.C.Cir.1973). "In an unusual case, the agency may not be able to provide the detailed index which *Vaughn* requires because such an index can reveal the very information that the agency claims is protected from disclosure." *Lewis v. Internal Revenue Service,* 823 F.2d 375, 380 (9th Cir.1987); *Lame* at 921. When the public affidavits rely on generalities and provide little detail, *in camera* affidavits and submission of documents are necessary in such cases. *Id.* at 921–922.

The court will not require the IRS to submit a public *Vaughn* index in this case for it would then have to reveal the same information it claims is exempt from exposure. Since the IRS's affidavits are worded in generalities and conclusory terms,[7] the IRS is to supply the court with a detailed explanation of why each and every one of these pages are excluded in full or in part under FOIA exemptions (7)(D) or (7)(C). The IRS must also provide the court with the original requested pages to which the explanations refer. 5 U.S.C. § 552(a)(4)(B); *Church of Scientology of California v. United States Department of Defense,* 611 F.2d 738, 742–743 (9th Cir.1979).[8] Since at this time, the IRS has not met its burden in showing that the withheld documents are exempt under FOIA exemptions (7)(D) and (7)(C), its motion for summary judgment with respect to these documents will be denied.

e. *Memoranda and Notes of the Revenue Agent and the Revenue Agent Manager*

The IRS has withheld five pages in full and one page in part of notes and memoranda allegedly concerning the management and analysis of the IRS's audit of Small's 1985 and 1986 tax returns. The IRS contends that these pages contain the Revenue Agent's and the Revenue Agent Manager's notes and memoranda concerning the direction that the Revenue Agent was to take in this investigation, instructions from the Revenue Agent Manager to the Revenue Agent and the Revenue Agent Manager's notes on issues and problems in the case. The IRS contends that since these pages represent recommendations, opinions and analyses, they are exempt from disclosure under FOIA exemption (b)(5). This exemption provides that "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than

---

7. The IRS has tried to claim that FOIA exemptions (7)(E) and (7)(C) apply by claiming that if these pages are not exempted, the identity of confidential sources will be revealed and the unwarranted invasion of personal privacy will occur. These blanket statements are mere conclusions without any basis for the court to find in favor of the IRS.

8. The Third Circuit has held that "the scope and extent of the district court's examination of the requested documents is within its discretion and obviously will be guided by the explanations which appear" in the detailed explanations. *Lame* at 929.

an agency in litigation with the agency" are exempt from disclosure.

The court cannot find that the five pages in full and the one page in part are exempt under FOIA exemption (b)(5) without examining them. As with the pages withheld because they allegedly revealed confidential sources or constituted an invasion or personal privacy, the court will require an *in camera* inspection of these pages to determine if they are exempt under (b)(5). 5 U.S.C. § 552(a)(4)(B); *Federal Trade Commission v. Grolier, Inc.*, 462 U.S. 19, 22, 27, 103 S.Ct. 2209, 2211, 2214, 76 L.Ed.2d 387 (1983); *Delaney, Migdail & Young, Chartered v. Internal Revenue Service*, 826 F.2d 124, 128 (D.C.Cir.1987); *Conoco, Inc. v. United States Department of Justice*, 687 F.2d 724, 728 (3d.Cir.1982); *Church of Scientology of California* at 742–743; *LSB Industries v. Commissioner of Internal Revenue*, 556 F.Supp. 40, 45 (W.D.Okla.1982) (deliberative process privilege). No further affidavits will be required. Since the IRS has not met its burden in showing that these pages are exempt under FOIA exemption (b)(5) based solely on its affidavits, the court will deny its motion for summary judgment with respect to these pages.

*f. Names and Employee Identification Numbers of IRS Employees*

█ The IRS has withheld 26 pages in part because these pages contain the names of IRS employees and IRS employee's service identification numbers. The IRS contends that this information is exempt under FOIA exemption (7)(C) and exemption (2). As discussed *supra*, exemption (7)(C) excludes from disclosure information that could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption (2) excludes from disclosure those matters that are "related solely to the internal personnel rules and practices of an agency."

The court grants the IRS's motion for summary judgment with respect to these 26 pages. IRS employees have a privacy interest in not having their names disclosed which outweighs the public interest in having their names and service identification numbers disclosed. Moreover, the service identification numbers are related solely to internal procedures of the IRS and are also excluded under exemption (2).

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to strike is denied and defendant's motion for summary judgment is granted in part and denied in part. An appropriate order will be entered.

## ORDER

This matter having come before the court on defendant's motion to strike and on defendant's motion for summary judgment;

The court having considered the submissions of the parties; and

For the reasons set forth in the court's opinion of this date;

IT IS on this 3rd day of March, 1992 hereby

ORDERED that defendant's motion to strike is DENIED; and

FURTHER ORDERED that defendant's motion for summary judgment is DENIED in part and defendant must provide to the court by April 20, 1992 with a detailed explanation of why it has withheld each and every page pursuant to FOIA exemptions (7)(D) and (7)(C), and the original requested pages to which these explanations refer, excluding pages withheld in part because they contained the names of IRS employees or their service identification numbers;

FURTHER ORDERED that defendant's motion for summary judgment is DENIED in part and defendant must provide to the court by April 20, 1992 with all pages it has withheld pursuant to FOIA exemption (5);

FURTHER ORDERED that defendant's motion for summary judgment is GRANTED in part with respect to pages it has withheld pursuant to FOIA exemption (3);

FURTHER ORDERED that defendant's motion for summary judgment is GRANTED in part with respect to pages it has withheld in part pursuant to FOIA exemptions (b)(2) and (b)(7)(C) because these pages contained

the names and service identification numbers of IRS employees.

No costs.