**Joseph M. INMAN, Plaintiff,**

**v.**

**COMMISSIONER OF the IRS, Defendant.**

**No. CV F–93–5686 SSH.**

United States District Court, E.D. California.

Sept. 14, 1994.

Joseph M. Inman, in pro. per.

Shannon L. Hough, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for C.I.R.

**ORDER *re:* MOTIONS AND CROSS MOTIONS FOR SUMMARY JUDGMENT, MOTION TO ADD BONNIE INMAN AS PLAINTIFF**

SNYDER–HYLTON, United States Magistrate Judge.

The motion to add Bonnie Inman as plaintiff and the motions and cross motions for

---

summary judgment came on regularly for hearing on Monday, July 25, 1994, before Dept. 4, the Hon. Sandra Snyder–Hylton, presiding. Both parties filed consent to proceed before a U.S. Magistrate on June 21, 1994 (Doc. No. 50).

1. *Motion to Add Bonnie Inman as Plaintiff*

On June 13, 1994, this Court heard Inman's motion for leave to file an amended complaint. The Court subsequently granted this motion as to miscellaneous paragraphs for the two counts, but denied this motion to add a third count on behalf of his wife, Bonnie Inman. Insofar as Inman failed to file an amended complaint, this action proceeds under the original petition. Inman has since filed a motion to add Bonnie as a plaintiff (*see, i.e.*, Doc. Nos. 51, 53, 54) despite this Court specifically instructing Inman that Bonnie Inman should proceed under a separate action. The IRS filed opposition on June 30, 1994, asserting the deadline for nondispositive motions has already expired, and further asserting that Bonnie Inman is not an indispensable party and fails the permissive joinder test.

A motion to add a party is brought pursuant to Fed.R.Civ.Proc. 15 (party must obtain leave of court to amend). The IRS is correct that the deadline for filing a nondispositive motion was June 13, 1994. The motions to add Bonnie Inman were filed June 21, 1994.

▉ The party sought to be joined must meet the requirements of either Rule 19 (compulsory joinder) or Rule 20 (permissive joinder). The IRS is correct that no showing has been made regarding why Bonnie Inman is an indispensable party under Rule 19 (i.e., relief cannot be accorded in absence of Bonnie Inman, Bonnie Inman claims an interest in the subject of the action such that disposition in Bonnie Inman's absence would impede her ability to protect her interest or subject any present party to multiple/conflicting obligations). Under Rule 20, a party may join as plaintiff if a right to relief is asserted jointly, the right to relief arises out of the same transaction, and there is at least one question of law or fact common to the party to be joined. Schwarzer, Tashima &

Wagstaffe, *Fed. Proc. Before Trial* ¶ 7:134 (1994). Bonnie Inman does not raise these requirements—she apparently just wants to be added to the case. Accordingly, this motion is DENIED.

2. *Motion and Cross Motion for Summary Judgment*

a. Freedom of Information Act

Inman's first cause of action is a Freedom of Information Act (FOIA) claim filed pursuant to 5 U.S.C. § 552, which confers upon the district court jurisdiction "to enjoin an agency from withholding records and to order the production of any agency records improperly withheld." *Vaughn v. U.S.*, 936 F.2d 862, 866 (6th Cir.1991). "The burden is upon the agency to demonstrate ... that the materials sought may be withheld due to an exemption." *Id.*, citing *Department of Justice v. Tax Analysts*, 492 U.S. 136, 142 n. 3, 109 S.Ct. 2841, 2847 n. 3, 106 L.Ed.2d 112 (1989). Inman's FOIA request requests documents related to the 1988 tax year with respect to a 100% penalty assessment and all other documents with respect to years 1984–1993 which relate to the 100% penalty assessment. Complaint ¶ 11. At hearing, the parties represented that the 100% penalty assessment was imposed upon a corporation owned and operated by Inman (J.M. Inman Co., Inc.) and relate to the failure of the corporation to pay federal income tax and/or FICA withholdings of employees.

Inman filed a motion for summary judgment on March 28, 1994. No points and authorities are cited in his reams of filings. The IRS filed opposition on April 18, 1994, in the form of requesting a 10–day continuance pending a further search for the documents at issue. The IRS then filed, as to the first count only, supplemental opposition on May 20, 1994, asserting that all requests have been fully complied with. On June 13, 1994, the IRS filed its own motion for summary judgment as to the second count. The IRS admits to withholding six documents but contends that they are exempted from FOIA under various exceptions. Inman filed opposition in the form of a "supplemental brief".

■ In the IRS' supplemental papers *re:* summary judgment as to the first count, filed May 20, 1994, they assert: "The evidence [through enclosed declarations] establishes that the IRS conducted a reasonable search for the 100% penalty records and has released all responsive records." Doc. No. 33, 6:4–6. This Court has reviewed the enclosed declarations. Ivy Laverty, a Disclosure Specialist with the San Jose, CA, District office of the IRS, filed a declaration on May 20, 1994. (Doc. No. 36.) She states: "On August 19, 1993, I received 184 pages of documents, which constituted all documents related to plaintiffs [sic] 100% penalty assessment, from the Federal Records Center in San Bruno." Decl. ¶ 6. She further states: "[T]hese 184 pages of documents were released to plaintiff." *Id.* Shannon Hough, attorney for the U.S. Department of Justice Tax Division, filed a declaration on May 20, 1994, stating that the Master File transcript of Inman's 100% penalty assessment has been released to Inman, as well as the "disclosable records pertaining to plaintiff's 1988 income tax year which were previously withheld from plaintiff due to the United States Tax Court litigation for that year." (Doc. No. 34.) Stan Griffin, Chief of the Advisory Section of the Special Procedures Function of the Collection Division in the San Jose, CA, District of the IRS, also filed a declaration (Doc. No. 35), indicating that certain documents that may be responsive to Inman's FOIA request may have been destroyed in the normal course of business. The destruction of documents in the normal course of an agency's business is not relevant to whether or not the agency has complied with a FOIA request. *SafeCard Services, Inc. v. SEC,* 926 F.2d 1197, 1201 (D.C.Cir.1991); and *Meeropol v. Meese,* 790 F.2d 942, 954 (D.C.Cir. 1986).

The Court finds no legal basis for denying the IRS' motion for summary judgment as to the first cause of action, and the Court finds no factual basis to support an inference that the declarants are lying or misrepresenting the fact that no further responsive documents exist. Inman has filed reams of pleadings and exhibits which purport to show that the IRS has NOT provided all responsive documents. "Conclusory allegations unsup-

ported by factual data[, however,] will not create a triable issue of fact." *Marks v. U.S.,* 578 F.2d 261, 263 (9th Cir.1978); *see also Meeropol,* 790 F.2d at 953 (same). Accordingly, the IRS' motion for summary judgment as to the first cause of action is GRANTED.

At first blush, there appears to be no distinction between the FOIA request of the first and second causes of action. The IRS, however, does find such a distinction by identifying six documents as related in the second count, having been withheld. This is the subject of the IRS' motion for summary judgment filed June 13, 1994. This Court construes this motion for summary judgment, together with the contemporaneously filed affidavits, to comprise of a "Vaughn Index". *See John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 149 n. 2, 110 S.Ct. 471, 474 n. 2, 107 L.Ed.2d 462 (1989). The purpose of a Vaughn Index is to "permit the court system effectively and efficiently to evaluate the factual nature of disputed information." *Id.* The six documents can be divided into three categories: (1) one Discriminant Function (DIF) score, (2) one memorandum entitled "Brief Narrative for Appeals Case Memo", and one two-page memorandum from an IRS attorney to the IRS appeals division concerning the 1988 tax litigation, and (3) a Notice of Seizure form concerning property of a third party, a handwritten note concerning the possible tax liability of a third party, and names, addresses, etc., related to third parties' liability.

■ Although Inman generally did not dispute the above exemptions in his response pleadings (*see* Supplemental Brief and Memorandum, Doc. No. 58), at hearing Inman disputed the withholding of the above six documents. Prior to hearing, however, the IRS turned over some of the above six documents. Still at issue are the DIF score and third party return information. IRS is correct that DIF scores are exempt from a FOIA release, and accordingly the IRS' motion for summary judgment as to the DIF score is GRANTED. *Small v. IRS,* 820 F.Supp. 163 (D.N.J.1992).

**1278**

With regard to the third party "return information," Inman does not contest the factual assertions of the Lambert–Dean affidavit (Doc. No. 46) that such documents at issue contain information referencing a third party taxpayer that is properly withheld under 26 U.S.C. § 6103(b)(2). Accordingly, this Court finds no basis to conduct an *in camera* review of the documents at issue and, based on the detailed affidavit of Lambert–Dean, finds that it is an undisputed fact that such documents were properly withheld. *See Vaughn,* 936 F.2d at 869–70.

b. Abatement of the 100% Penalty and Compensatory Damages

Inman, in his second cause of action, demands abatement of the 100% penalty, pursuant to 26 U.S.C. § 7811, and compensatory damages under 26 U.S.C. § 7433. 26 U.S.C. § 7811 does not authorize a suit for damages. *Tuccio v. U.S.,* 1990 WL 106805 (S.D.N.Y.1990). Accordingly, this Court *sua sponte* dismisses the portion of the second cause of action grounded upon 26 U.S.C. § 7811.

Inman, however, may have a valid claim pursuant to 26 U.S.C. § 7433 (civil damages for unauthorized collection actions). The IRS has not addressed this issue in its motions for summary judgment. This claim therefore remains.

**SUMMARY:**

1. The motion to add Bonnie Inman as plaintiff is DENIED.

2. The motion for summary judgment by plaintiff INMAN is DENIED.

3. The motion for summary judgment by defendant IRS is GRANTED as to the FOIA claims.

4. The court *sua sponte* DISMISSES the claim grounded on 26 U.S.C. § 7811.

5. The claim grounded on 26 U.S.C. § 7433 remains.