**RDL, INC./CIDA, INC., dba PACIFIC DESIGN BUILD COLLABORATIVE, Plaintiffs**

**v.**

**AMERICAN SAMOA COMMUNITY COLLEGE, Defendant**

High Court of American Samoa
Trial Division

CA No. 113-01

October 31, 2002

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima
        For Defendant, Paul F. Miller

## ORDER GRANTING MOTION TO AMEND
## COUNTER-CLAIM TO ADD A PARTY

■ The defendant, American Samoa Community College ("ASCC"), moves to amend its pleadings to add another party, JCW, Inc., to its counterclaim. Because plaintiffs, RDL, Inc./CIDA, Inc., d.b.a. Pacific Design Build Collaborative ("PDBC"), have filed a responsive pleading and answered ASCC's counterclaim, leave of the court is therefore required to add a new party. T.C.R.C.P. Rule 15(a); 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 15.16(1) (3d ed. 1999). Rule 15(a) applies equally to plaintiffs and defendants. *Id.*

■ Whether to grant a motion to amend the pleadings lies within the court's sound discretion. *Ape v. Am. Samoa Gov't*, 25 A.S.R.2d 106, 108 (Trial Div. 1993). In the exercise of its discretion, T.C.R.C.P. Rule 15(a) requires the court to grant amendments "freely when justice so requires." Leave to amend will, however, be denied upon the finding of "such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Vera v. Bush*, 980 F. Supp. 255, 256 (S.D. Tex. 1997).

■ Moreover, when a motion to amend concerns the addition of a

party, the movant bears the burden of demonstrating whether the third party they seek to join satisfies the requirements of either T.C.R.C.P. 19(a) (necessary joinder) or T.C.R.C.P. 20 (permissive joinder). *See Inman v. Comm'r*, 871 F.Supp. 1275, 1276 (E.D. Cal. 1994); 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 20.02(2)(a)(ii) (3d ed. 1999). ASCC argues that JCW, Inc. is a necessary party to the litigation. It is unclear, however, whether JCW, Inc. actually is. T.C.R.C.P. 19(a) defines a necessary party as a person whom "in his absence complete relief cannot be accorded among those already parties." Here, ASCC has not shown why failing to join JCW, Inc. would frustrate recovery of complete relief, in the form of money damages, they seek from PDBC. *See Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (distinguishing between being a necessary party and an indispensable party). That they have claims against JCW, Inc. in the form of joint and several liability is of no avail. *See Shon v. Mollerup Moving & Storage Co.*, 24 A.S.R.2d 50, 52 n.4 (Trial Div. 1993) (joint and several liability does not make a party "indispensable" for purposes of T.C.R.C.P. 19).

■ Nonetheless, at the very least, we see no reason why JCW, Inc. cannot be made a party under T.C.R.C.P. 20. Multiple parties may, but need not be, joined if claims against them "(1) 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences' and (2) will present some 'question of law or fact [in] common.'" 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 20.02(1)(a)(3d ed. 1999) (citing Fed. R. Civ. P. 20(a)). Both of these prongs are satisfied here. ASCC's claims against JCW, Inc. arise out of the same transaction, namely the construction of the library. And they present issues of common fact and law: whether JCW, Inc., as a partner, is liable for damages arising out of an alleged breach of contract. *See Acme Elec. Corp. v. Sigma Instrument, Inc.*, 121 F.R.D. 26, 28 (S.D.N.Y. 1988).

Furthermore, PDBC has presented no substantial reason why they would be prejudiced by the inclusion of JCW, Inc. In this respect, we do not attribute any bad faith motives or tactics on ASCC's part in moving to amend the pleadings nor have they unnecessarily delayed in making the motion. Finally, ASCC has not presented any different factual allegations which may have complicated PDBC's defense. *See Ryan, Inc. v. Vaka*, 5 A.S.R.2d 31, 32 n.1 (Trial Div. 1987).

Therefore, in the interest of justice, judicial economy, and finality, we exercise our discretion in favor of ASCC's motion to amend the pleadings to include JCW, Inc. The motion is granted.

It is so ordered.