Carleton J. OSBORN and Janet M.
Osborn, Plaintiffs-Appellants,

v.

INTERNAL REVENUE SERVICE,
Defendant-Appellee.

No. 83–1208.

United States Court of Appeals,
Sixth Circuit.

Argued March 13, 1984.

Decided Feb. 8, 1985.

James A. D'Agostini; Mary G. Falcone (argued), Joseph Falcone, Lieberman & Falcone, Southfield, Mich., for plaintiffs-appellants.

Thomas O. Plouff, Atty., Tax Div., U.S. Dept. of Justice, Glenn L. Archer, Jr., Michael L. Paup, Richard W. Perkins, Elaine F. Ferris, Gayle Miller (argued), Washington, D.C., for defendant-appellee.

Before ENGEL and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

ENGEL, Circuit Judge.

Carleton and Janet Osborn appeal from a judgment in favor of the United States in their action to obtain information from the Internal Revenue Service (IRS) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and section 6103 of the Internal Revenue Code, 26 U.S.C. § 6103. We conclude that the district court erred in failing to require the IRS to submit a detailed summary of the withheld documents—a so-called Vaughn Index—before making its decision. We, therefore, vacate the judgment of the district court and remand the cause for further proceedings.

The Freedom of Information Act was enacted by Congress to grant citizens the right of access to most forms of governmental records in order to open the governmental decisionmaking process to the public. The Act and the courts which have interpreted the Act recognize and emphasize the importance of such access. Nevertheless, there is a tension between this policy interest and the government's need to protect some information from disclosure. Protection of privacy is especially necessary in the area of tax collection and enforcement. First, the IRS legitimately requires a measure of privacy to enable it to exercise prosecutorial discretion and to plan litigation strategy. Unlimited disclosure in these circumstances would thwart the IRS's efforts to enforce federal tax laws. In addition, the government has an obligation to protect and control the very

sensitive tax return information provided by individuals.

Both FOIA and the Internal Revenue Code recognize these interests and provide such privacy for the government. Section 552(b) of FOIA lists several exemptions to the Act's general disclosure requirements. Under exemption (b)(3), the Act prohibits the disclosure of information made confidential by certain other statutes (referred to as "exemption three statutes"), 5 U.S.C. § 552(b)(3). Likewise, under exemption (b)(7), investigatory records compiled for law enforcement purposes are protected "to the extent that the production of such records would ... interfere with enforcement proceedings [or] constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7).

The Internal Revenue Code contains similar privacy restrictions. Section 6103, 26 U.S.C. § 6103, which is the confidentiality and disclosure provision of the Code, sets forth the circumstances under which tax returns and other tax return information may be divulged. Section 6103(e) generally permits an individual to inspect his own tax returns and to receive information concerning his own potential tax liability upon written request. 26 U.S.C. § 6103(e). However, section 6103(e) also provides that this disclosure is allowed only "if the Secretary determines that such disclosure would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7). This circuit has held that section 6103 is an "exemption three statute" which entitles the IRS to refuse to disclose certain tax return information under FOIA exemption (b)(3) despite a FOIA request. *Fruehauf Corp. v. IRS*, 566 F.2d 574, 578 (6th Cir.1977).

■ In reviewing an agency's nondisclosure determination in any particular case, a court must have access to sufficient data concerning any potentially exempt documents to determine whether the disclosure restrictions apply. The court's decision cannot be made unless the government reveals the documents' contents to some extent. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), the District of Columbia Circuit established a rule that any claims made by the government that documents are exempt from disclosure must be supported by a summary of the disputed documents. That summary, customarily referred to as a "Vaughn Index," must be submitted to the court and meet the following criteria:

1. The index should be contained in one document, complete in itself.

2. The index must adequately describe each withheld document or deletion from a released document.

3. The index must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant. Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA.

*White v. IRS*, 707 F.2d 897, 899 (6th Cir. 1983) (quoting *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C.Cir. 1979)). Examination of a Vaughn Index allows the court to decide whether the government's refusal to divulge information is justified without having the potentially secret nature of the information compromised.

In this case the IRS has refused to provide certain requested information to appellants Carleton and Janet Osborn. The Osborns are currently the subject of an IRS investigation to determine whether they are civilly, and perhaps criminally, liable for understating their income for the years 1978 and 1979. In March of 1982 the Osborns submitted a FOIA request to the IRS. The Osborns requested access to all of the records in the possession of the IRS or of its Office of Chief Counsel regarding the civil or criminal audit of the Osborns' federal income tax returns for the years 1978 through 1981.

This request was originally denied under three FOIA exemptions and section 6103. The IRS maintained that the material requested was prohibited from disclosure by statute under 26 U.S.C. § 6103(e)(7), by itself and as an "exemption three statute" under exemption (b)(3) of FOIA, 5 U.S.C. § 552(b)(3). The IRS also claimed that the material fell under FOIA exemption (b)(5) which concerns inter-agency or intra-agency memoranda not available by law, 5 U.S.C. § 552(b)(5), and FOIA exemption (b)(7) which protects certain investigatory records compiled for law enforcement purposes, 5 U.S.C. § 552(b)(7).

The Osborns then brought suit in district court to force the IRS to divulge the information. Relying on *Zale Corp. v. IRS*, 481 F.Supp. 486 (D.D.C.1979), the district judge decided that section 6103(e)(7) of the Internal Revenue Code operates independently of FOIA and provides the only means of obtaining this information. The district judge then found that because no *de novo* hearing is required under section 6103, the IRS's decision to withhold the information must not be overturned unless the action was arbitrary and capricious. The trial court's determination that the IRS's refusal was not arbitrary or capricious was made on the basis of two affidavits provided by the IRS. Those affidavits describe in very general terms the contents of the disputed documents and the basis for the withholding.

On appeal, the Osborns maintain that whether or not section 6103 operates independently of FOIA to exempt disclosure of certain tax information, the district court in this case did not have enough evidence before it to determine whether the Commissioner properly withheld the information. The Osborns argue that the two affidavits from IRS personnel were much too vague to allow review of the Commissioner's decision. They urge that the IRS be required to submit a Vaughn Index.

 We agree with appellants that the district court erroneously failed to require the government to submit sufficient data to the court so that it could effectively make the disclosure determination. A correct reading of *Ingle v. Dept. of Justice*, 698 F.2d 259 (6th Cir.1983), and *White v. IRS*, 707 F.2d 897 (6th Cir.1983), requires the district court to obtain a Vaughn Index from the government before making its decision in most FOIA cases. In *Ingle v. Dept. of Justice*, we held that the trial court in that case had properly conducted an *in camera* review of documents which the Department of Justice claimed were exempt from FOIA. However, Judge Krupansky observed in *Ingle* that *in camera* reviews are not favored because they "are burdensome and are conducted without the benefit of an adversary proceeding." 698 F.2d at 264 (quoting *Weissman v. CIA*, 565 F.2d 692, 697 (D.C.Cir.1977)). Indeed,

> no court should consider *in camera* review if a Vaughn Index can adequately resolve the issue.... As noted by the Ninth Circuit in *Church of Scientology [etc. v. U.S. Dept. of Army*, 611 F.2d 738, 743 (9th Cir.1979)], this primary reliance upon agency-prepared indices and detailed summaries places the burden of proof to withhold a document squarely upon the government and precludes the likely shift or erosion of that burden which would occur if an agency simply "dumped" its file on the court for a *de novo* appraisal.

*Ingle v. Dept. of Justice*, 698 F.2d at 266 (footnote omitted). Similarly, in *White v. IRS, supra*, a case factually similar to the instant case, the Sixth Circuit upheld the district judge's decision to require the IRS to submit a Vaughn Index instead of conducting an *in camera* inspection of the disputed documents himself. These opinions demonstrate that the IRS should provide the court with a Vaughn Index to support its claimed disclosure exemptions.

No such Index was prepared or submitted here, and the generalized language contained in the affidavits provided to the court by the IRS in this case does not provide adequate guidance for the judge. The affiants' statements as to the disputed documents' contents and the specific bases for non-disclosure are made in conclusory terms and are of little or no assistance to a trial court in its decision-making or to an appellate court upon review.

Although we understand the government's concern that the confidentiality of certain information may be jeopardized simply through the process of preparing and submitting the Index, experience has shown a Vaughn Index to be an effective vehicle for protecting this confidentiality while providing the trial judge with a reasonable basis for his opinion. If in certain instances a Vaughn Index must be so specific that disclosure of potentially secret information is possible through an examination of the Index itself, it may be desirable for the Index to be submitted *in camera*. Yet, even in that case, the government should prepare and provide the district court with a Vaughn Index.

The affidavits provided by the IRS in this case do not meet these standards of disclosure. The trial judge was not given sufficient information to adequately review the disclosure determination. The cause must, therefore, be remanded so that such information may be prepared for and given to the judge and an informed decision may be made.

Accordingly, this matter is VACATED and REMANDED to the district court for further proceedings consistent with this opinion.