820 F.2d 1225
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Earl RAY, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Defendant-Appellee.
 No. 86-5972
 United States Court of Appeals, Sixth Circuit.
 June 22, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 The Department of Justice moves the court to remand this case so it can enlarge the record to support its argument made in the district court to defeat plaintiff's requests for certain documents sought under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the papers filed with the court, this panel unanimously agrees that oral argument is not necessary. Fed. R. App. P. 34(a).
 
 
 2
 The defendant's motion to remand shall be granted. The government concedes, contrary to its position taken in the district court, that exemption 552(b)(7)(C) is not absolute simply because the person implicated in the sought-after documents refuses to consent to their disclosure. Accordingly, it is necessary for this court to remand this case for further consideration, whereupon the government will be required to enlarge the record in order for it to meet its burden to prove non-disclosure of the requested documents. See Akron Standard Div. of Eagle-Picher v. Donovan, 780 F.2d 568, 571 (6th Cir. 1986); Kiraly v. FBI, 728 F.2d 273, 276 (6th Cir. 1984).
 
 
 3
 On remand, the government shall include in its supplementation of the record a Vaughn Index summarizing its withheld documents so as to enable the district court to balance the competing interests for and against disclosure prior to rendering its decision on plaintiff's requests. See Osborn v. IRS, 754 F.2d 195 (6th Cir. 1985); Heights Community Congress v. Veterans' Administration, 732 F.2d 526, 529 (6th Cir. 1984); Kiraly, 728 F.2d at 276.
 
 
 4
 Accordingly, the government's motion to remand is hereby granted. The district court's judgment is hereby vacated and this case is remanded for further consideration consistent with the foregoing opinion. Rule 9(b)(6), Rules of the Sixth Circuit.