9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherman BELL, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant-Appellee.
 No. 93-1485.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 1
 Before: NORRIS and SILER, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Sherman Bell, pro se, appeals a district court order granting summary judgment in favor of the defendant in this action filed under the Freedom of Information Act (FOIA). 5 U.S.C. Sec. 552. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Bell alleged that he has "written the FBI several times" since 1990 requesting documents relating to a criminal investigation which eventually resulted in his conviction for felony murder but that the FBI has failed to satisfactorily answer his requests, in violation of the FOIA. In his FOIA request, Bell explained that this information was necessary to pursue his post-conviction remedies in the Michigan courts. The FBI provided one redacted document and informed Bell that no records existed concerning a specific telephone conversation about which Bell had inquired.
 
 
 4
 The magistrate judge recommended that the FBI's motion for summary judgment be granted. Over Bell's objections, the district court adopted the recommendation and granted summary judgment to the FBI.
 
 
 5
 On appeal, Bell makes the following arguments: 1) the district court "disregarded" Fed.R.Evid. 901 and its counterpart under the Michigan Rules of Evidence in considering the merits of his FOIA request; 2) the district court failed to consider a document submitted in support of this action, specifically a letter from the FBI to Chief District Court Judge Julian Cook regarding an investigation unrelated to the case at bar, informing him that "administrative action" had been taken against certain FBI agents for their "failure to properly document information which may have become the subject of future testimony"; and 3) the information supplied by the FBI at his trial, showing that Bell was involved in a Columbian and South American drug trafficking scheme, was "false" and "used to inflame the passion of the court."
 
 
 6
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 This court has consistently applied the following criteria in reviewing the judgment on FOIA issues: 1) whether the district court had an adequate factual basis for its decision; and 2) if an adequate factual basis exists, whether the decision below was clearly erroneous. Kiraly v. FBI, 728 F.2d 273, 276 (6th Cir.1984). Further, this court has held that adequate review of a district court decision to uphold nondisclosure cannot be made unless the government reveals the documents' contents to some extent. A detailed summary, customarily referred to as a "Vaughn Index," see Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977 (1974), is generally sufficient to allow a court to decide whether a government's refusal to divulge information is justified. Osborn v. IRS, 754 F.2d 195, 196 (6th Cir.1985.) In this case, the government has provided the district court with such an index, together with other documentation, to provide a sufficient factual basis to determine whether nondisclosure of certain requested information was proper.
 
 
 8
 The FBI properly excised from documents provided to Bell the names of third parties who were not necessarily a subject of the criminal investigation which took place, including names and initials of FBI employees, special agents and informants. This information would have been an unwarranted invasion of personal privacy, exempt from disclosure under 5 U.S.C. Sec. 552(b)(7)(C). United States Dep't of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 756 n. 9 (1989); Kiraly, 728 F.2d at 277. Similarly, the FBI properly asserted an exemption under Sec. 552(b)(7)(D) to excise information containing the names of the local enforcement agencies and officers of these agencies with whom the FBI has an ongoing relationship in regard to the investigation of drug trafficking. United States Dep't of Justice v. Landano, 113 S.Ct. 2014, 2024 (1993); John Doe Agency v. John Doe Corp., 493 U.S. 146, 157 (1989).
 
 
 9
 Because Bell's request concerning a specific telephone conversation includes information that is contained as part of the FBI's central records system, the agency is not obligated to provide the requested document to the plaintiff, either under the Privacy Act or under the FOIA. See 5 U.S.C. Secs. 552a(j)(2) and 552a(d)(1). Moreover, the FBI has indicated that no such records exist, and Bell has not shown otherwise. Lastly, Bell's allegation that the district court failed to consider the requirement of disclosure under the Federal Rules of Evidence has no merit in light of the Supreme Court's holding that the FOIA is not intended to supplement or displace rules of discovery. John Doe Agency Co., 493 U.S. at 153.
 
 
 10
 Accordingly, for the reasons set forth above, the district court's order granting the defendant's motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, U.S. District Judge for the Western District of Kentucky, sitting by designation