**DAYTON NEWSPAPERS, INC.,**
**et al., Plaintiffs,**

v.

**DEPARTMENT OF THE AIR FORCE,**
**et al., Defendants.**

No. C–3–97–78.

United States District Court,
S.D. Ohio,
Western Division.

March 31, 1998.

Robert Perry Bartlett, Jr. and Janice Marie Paulus, Coolidge Wall Womsley & Lombard, Dayton, OH, for Dayton Newspapers and Russell Carollo, Plaintiffs.

Gregory Gordon Lockhart, United States Attorney's Office, Dayton, OH, for United States Air Force and United States Department of the Army, Defendants.

OPINION SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. # 13); OPINION SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. # 18–2); FURTHER PROCEDURES ALLOWED; THIS OPINION IS NOT A FINAL, APPEALABLE ORDER

RICE, Chief Judge.

The captioned cause came on to be heard upon the Plaintiffs' Motion for Summary Judgment (Doc. # 13) and that of the Defendants (Doc. # 18–2). Based upon the reasoning and citations of authority set forth below, each of said Motions is sustained in part and overruled in part.

■ Summary judgment is appropriate "on the basis of agency affidavits if they are reasonably specific, demonstrate logical use of exemptions, and are not controverted by evidence in the record ..." *Miller v. U.S. Dept. of State,* 779 F.2d 1378, 1382 (8th Cir. 1985); *Hemenway v. Hughes,* 601 F.Supp. 1002, 1004 (D.D.C.1985); *In Re Wade,* 969 F.2d 241, 246 (7th Cir.1992). Of course, if the affidavits do not meet this standard, not only is summary judgment not appropriate in favor of the government, but such a remedy may well be called for, as a matter of law, for those persons seeking the information.

■ The Freedom of Information Act ("FOIA") was designed to "permit access to official information long shielded unnecessarily from public view and, accordingly, attempts to create a judicially enforceable public right to secure such information from possibly unwilling hands." *EPA v. Mink,* 410 U.S. 73, 80, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). Given that FOIA was designed to promote access to official records, there is a presumption that records should be disclosed, and the burden of proof is on the agency to justify withholding any document in its entirety or redacting any identifying information contained within a particular document. *U.S. Dept. of State v. Ray,* 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). Additionally, the withholding

agency bears the burden of proving that any undisclosed record falls within a statutory exemption. 5 U.S.C. § 552(a)(4)(B). These statutory exceptions are further narrowly construed:

> Therefore, the disclosure requirements of the FOIA must be construed broadly, the exemptions narrowly, and the burden of proof is upon the party seeking to invoke an exemption from mandatory disclosure.

*Cochran v. United States*, 770 F.2d 949, 954 (11th Cir.1985) (citations omitted).

Plaintiffs seek the disclosure of four discrete categories or databases of information, each of which deals with information that the plaintiffs anticipate will reveal Department of Defense and/or Department of Veterans Affairs medical malpractice information.

A discussion of the four databases, as well as the Court's rulings with regard to the Plaintiffs' request for same, will follow.

### A. The Tort 2 Database Containing Information Related To All Branches Of The Military Service.

■ While it appears that the Plaintiffs have been given a number of databases which purport to be of the Tort 2 variety, the issue concerning that database is not moot. Defendants do not contest the Plaintiffs' statement that none of the databases furnished them was the military-wide database compiled by the Armed Forces Institute of Pathology, based upon information submitted to that entity from the Surgeons General of each branch of the military service. It appears that the databases furnished by these Defendants were limited to incidents or claims arising from within that particular service.

■ Defendants having set forth no valid reason to withhold the military-wide Tort 2 database, same is ordered to be furnished to the Plaintiffs, not later than thirty (30) days from the entry of judgment, with only the following items redacted pursuant to Exemption 6, 5 U.S.C. § 552(b)(6), and the Privacy Act, 5 U.S.C. § 552(a): claimants' names, social security numbers, home addresses, home/work telephone numbers and places of employment. These redactions are, in this Court's opinion, consistent with the law and this exemption which forecloses the release of any information that is personal and private, the disclosure of which would constitute a clearly unwarranted invasion of an individual's privacy. The Court has drawn this conclusion after weighing the need for public disclosure against the privacy rights of the individuals involved, and after having concluded that the latter predominates over the former. If, at some time in the future, Plaintiffs are able to show that a different result should obtain, after the above referenced balancing of interests, the Court would be receptive to a supplemental complaint from the Plaintiffs asking that this Court reconsider this Opinion, based upon information *then* available.

### B. Air Force Claims Information Management System (AFCIMS) Database.

■ Subject to the same redactions as ordered by this Court with reference to the Tort 2 database, and based upon the same reasoning, this Court orders the production of this database. To ease the burden on the government, the Plaintiffs are ordered to cooperate with the Defendants, in any way possible, to assist in the retrieval of this information. If needed, this Court will meet with counsel, as a means of establishing "ground rules" that will facilitate both this cooperation and the ultimate retrieval of the information desired from this database.

If the government is correct that it will take 51 hours to assemble this information (presumably, without the help of the Plaintiffs' programmer or an independent counterpart), that is a small price to pay (in this Court's opinion) for the possibility of discovering Department of Defense and/or Department of Veterans Affairs medical malpractice information *or* putting rumors and innuendoes of same to rest.

Again, as was the case with the Tort 2 database, this Court would be amenable to a supplemental complaint from the Plaintiffs, at some future time, should they feel that, based upon information *then* in their possession, the privacy interests of the individuals whose claims, etc. are disclosed no longer

outweigh the interests of the public in disclosure.

In the absence of a showing by the Defendants that the information available in the AFCIMS database is duplicated in the AFLSA/JACT database, which has been partially produced to the Plaintiffs (that the former is not broader, containing more information than the latter) and, further, in the absence of Defendants having met their burden of proof that the requested database is exempt from disclosure, this Court feels that such disclosure will satisfy the broad purposes of the FOIA and the unrebutted presumption that these records should be disclosed.

### C. *Medical Quality Assurance System (MQAS) Database*

■ The Defendants contend that this database is maintained as a means of establishing and verifying the credentials of its health care providers and monitoring the quality of care provided to military personnel and their dependents. A portion of the information requested will be disclosed to the Plaintiffs, subject, of course, to the above redactions mandated by law.

Exemption 3, 5 U.S.C. § 552(b)(3), allows an agency to withhold information specifically exempted from disclosure by statute. The Defendants contend that the entire MQAS database is protected by 10 U.S.C. § 1102, which provides for confidentiality of medical quality assurance records created by or for the Department of Defense as part of a medical quality assurance program. However, these records are protected only to the extent that they stem from an activity designed to assess the quality of medical care and were not created or maintained outside the medical quality assurance program. For example, a patient's medical records are not immune from disclosure on the sole grounds that the information therein was presented during meetings of a committee designed as part of a medical quality assurance program. 10 U.S.C. § 1102(h). The government's blanket claiming of this exemption is improper under the FOIA, broader than needed and most definitely contrary to the congressional intent of promoting access to official records. In short, any information which was not cre-

ated or maintained solely for the MQAS database must be produced, given that the Defendants have not argued successfully that any other exemption applies.

Accordingly, any such information maintained by the Defendants, with the above referenced necessary redactions to preserve the privacy interests of the patients involved, must be produced to Plaintiffs. It is the order of this Court that the Defendants produce said non-exempt information to the Plaintiffs, together with a *proper* Vaughn Index of items within this database not provided, said Index to comply in exact detail with the Sixth Circuit Opinion of *Osborn v. Internal Revenue Serv.*, 754 F.2d 195, 196 (6th Cir.1985), not later than thirty (30) days from the entry of judgment. The type of "*Vaughn* Index," submitted with the Declaration of Major Shonna L. Mulkey, is, most emphatically, neither a legally sufficient *Vaughn* Index nor satisfactory as a means of enabling this Court (and, perhaps, the Plaintiffs) to ascertain what it is that the Government feels it has a right to withhold.

Again, as was the case with the Tort 2 and AFCIMS databases, this Court would be amenable to a supplemental complaint from the Plaintiffs, at some future time, should they feel that, based upon information *then* in their possession, the privacy interests of the individuals whose claims, etc. are disclosed no longer outweigh the interests of the public in disclosure.

### D. *The Tort Claims And Litigation Division (AFLSA/JACT) Database.*

The Air Force has provided 37 of its 52 data fields to the Plaintiffs from this database, thus withholding 15. The Plaintiffs, in their Motion for Summary Judgment, expressly dispute only six of those fields. This Court will rule only on those six fields, concluding that to rule upon the other nine such, on which the government is resisting disclosure, would be to spend time rendering an advisory opinion.

As always, in litigation of this type, the interests of the public in disclosure, as codified in the FOIA, must be balanced with the privacy concerns of the individuals involved,

as codified in the Privacy Act, 5 U.S.C. § 552a. In the items which this Court will order from the AFLSA/JACT database, information such as the name of the individual involved, his/her social security number, that person's address, work and home telephone number, and place of employment must be redacted, in order that the information disclosed will not reveal the identity of the patient whose privacy rights are at issue. Again, should Plaintiffs, at any time in the future, feel that the information which they *then* possess, causes the interest of the public in disclosure to outweigh the interest of the individual in his/her privacy, they may file a supplemental complaint on this issue.

■ With the above in mind, weighing the arguments of the parties as to the existence or non-existence of an applicable exemption (privacy, attorney work product, internal deliberative process, and medical quality assurance information), the Court orders the production of the following fields, to wit: amount paid to administrative claimants on medical malpractice claims, the type of injury alleged in a medical malpractice claim and the status of open administrative claims of medical malpractice. In this Court's opinion, with regard to the fields which the Defendants are not being required to produce, the type of property damage is irrelevant to the disclosure of the information of Department of Defense and/or Department of Veterans Affairs medical malpractice information, and hospital recommendations on the standard of care and the Air Force Surgeon General's determination of the standard of care come too close for comfort to information forbidden from disclosure by the internal deliberative process exemption, 5 U.S.C. § 552(b)(5), and as medical quality assurance system information, 5 U.S.C. § 552(b)(3).

WHEREFORE, having sustained in part and overruled in part the Motion for Summary Judgment of the Plaintiffs (Doc. # 13) and that of the Defendants (Doc. # 18–2), the Court orders the following information disclosed by the Defendants to the Plaintiffs, not later than thirty (30) days from the entry of judgment, subject, of course, to the redactions discussed herein, as mandated by the provisions of the Privacy Act, 5 U.S.C.

§ 552a et seq.; the requested information from the Tort 2 database; the requested information from the AFCIMS database, with the proviso that Plaintiffs are to lend the assistance of their programmer or an independent counterpart to assist the Defendants in compiling this information; the MQAS database, as limited by this Court's Opinion, to be accompanied by a *Vaughn* Index that complies with law, with reference to any information that, in the Defendant's opinion, falls outside that information which they have been ordered to disclose; and the above referenced three fields from the AFLSA/JACT database.

There may well be certain nuances inherent in these Freedom of Information Act requests of which this Court is unaware, either due to its relative lack of familiarity in the field of computer databases, generally, and what is contained in these databases, specifically, or due to its having failed to grasp the subtleties of an argument advanced by the Defendants in opposition to disclosure. This Court is satisfied that it has given the government the benefit of every doubt, insofar as weighing the merits of its objections are concerned. Having done so, however, the undersigned has found, at least with regard to the information ordered disclosed herein, that the presumption in favor of disclosure has not been rebutted.

While not encouraging a line-by-line critique of this Court's Opinion, from either Plaintiffs or Defendants, this Court will give counsel twenty (20) days from date within which to urge reconsideration on any point addressed herein. Following the receipt of any submissions that might be filed as a result of this invitation, the Court will take same under advisement and will enter judgment, either in the exact form as set forth in this Opinion, or in a form modified after consideration of the submissions of counsel.

This Opinion is not intended to be a final, appealable order. Indeed, the Office of the Clerk of Courts is expressly directed not to enter judgment hereon.