**Richard A. VAUGHN; Esther M. Vaughn; Richard A. Vaughn, D.D.S., P.C., Plaintiffs–Appellants,**

v.

**UNITED STATES of America; Internal Revenue Service, Defendants–Appellees.**

No. 90–1848.

United States Court of Appeals, Sixth Circuit.

Submitted April 1, 1991.

Decided June 21, 1991.

Robert J. Zinkel, Jr., Detroit, Mich., Joseph Falcone, Southfield, Mich., for plaintiffs-appellants.

Stuart D. Gibson, U.S. Dept. of Justice, Tax Div., Washington, D.C., Gary R. Allen, Acting Chief, Murray S. Horwitz, Jonathan S. Cohen, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for defendants-appellees.

Before KENNEDY and JONES, Circuit Judges, and FORESTER, District Judge.*

KENNEDY, Circuit Judge.

Taxpayers Richard A. Vaughn, Esther M. Vaughn, and Richard A. Vaughn, D.D.S., P.C. ("Vaughns" or "plaintiffs"), appeal the summary judgment entered against them in their suit to compel the Internal Revenue Service ("IRS") to produce certain documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. After examining affidavits submitted by the IRS describing the contents of the withheld documents and setting out the reasons for exemption from FOIA requirements, the District Court concluded that the documents were properly withheld. The question presented is whether the affidavits submitted by the government provided sufficient information to enable the District Court to make an independent, reasoned judgment as to whether the material is actually exempt under the FOIA. We believe that the government did submit adequate information, and AFFIRM.

I.

Plaintiffs are the subject of civil and criminal investigations by the IRS into their tax liabilities for the years 1984 through 1988. During these ongoing investigations, a substantial file has been developed. By letter dated March 15, 1989, the Vaughns made two FOIA requests to the Detroit District of the IRS. Therein the Vaughns sought "all of the records the Internal Revenue Service and/or the Office of Chief Counsel have regarding any civil or criminal Income Tax Audit" of the individual plaintiffs for the years 1982 through 1988, and of the corporate plaintiff for the fiscal years ended March 31, 1982 through March 31, 1987, December 31, 1987, and December 31, 1988.

On April 5, 1989, the Detroit District Disclosure Officer responded to the Vaughns, asking for an extension of 30 days to locate and produce the documents sought in the FOIA request, as authorized by 5 U.S.C. § 552(a)(6)(B). The Vaughns treated this response as a denial of their requests and, on April 14, 1989, they filed an administrative appeal with the IRS's National Office. On May 30, 1989, the IRS National Office advised the Vaughns that

---

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

their appeal would be held in abeyance pending an initial determination by the Detroit District as to which of the documents sought would be disclosed. In the meantime, because the IRS did not act on the appeal within 20 days, as required by 5 U.S.C. § 552(a)(6)(A)(ii), the Vaughns filed this suit. The Vaughns requested the District Court to enjoin the IRS from withholding the requested documents, to order the production of the documents, and to award attorney's fees and costs.

In July and September, 1989, the IRS released to the Vaughns approximately 6,100 pages of documents. However, the IRS withheld approximately 1,000 pages of documents, in whole or in part, asserting their exemption from disclosure under various FOIA exemptions. On October 18, 1989, the Vaughns filed a motion for summary judgment requesting the release of the withheld documents or, if the government asserted that they were exempt, that the government provide the District Court with a "Vaughn Index" providing information sufficient to support the claimed exemptions.[1]

The government filed its own motion for summary judgment on November 20, 1989, supported by the affidavits of three IRS employees. Each of the affidavits indicated, in differing levels of detail, the nature of the information contained in the withheld documents along with the specific FOIA exemptions relied on by the IRS. The IRS asserted that the records withheld were exempt from disclosure in whole or in part under exemptions (b)(3), (b)(5), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E) of the FOIA. 5 U.S.C. § 552.

The District Court granted the government's motion for summary judgment. The court first rejected the Vaughns' claim that the information provided was insufficient to make a proper determination regarding whether FOIA exemptions were applicable to the documents withheld. The District Court found that the government's affidavits adequately described the documents withheld and gave explanations for withholding the documents such that the purposes of a "Vaughn Index" were satisfied and further found that the exemptions asserted by the government for withholding the documents were proper. This timely appeal followed. The Vaughns maintain that the District Court in this case did not have enough evidence before it to determine whether the IRS properly withheld the documents at issue. Relying on *Osborn v. IRS*, 754 F.2d 195 (6th Cir.1985), the Vaughns argue that the affidavits from IRS personnel were too vague to allow review of the IRS's decision and that the IRS should be required to submit a "Vaughn Index."

II.

In enacting the FOIA, Congress sought " 'to open agency action to the light of public scrutiny.' " *Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 772, 109 S.Ct. 1468, 1481, 103 L.Ed.2d 774 (1989) (quoting *Department of Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976)). This basic purpose reflected " 'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.' " *Rose*, 425 U.S. at 360–61, 96 S.Ct. at 1599 (quoting S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)). Therefore, under the FOIA an agency must disclose all records requested by "any person," 5 U.S.C. § 552(a)(3), unless the information sought falls within one of the nine enumerated exemptions listed in section 552(b). Although the exemptions "must be narrowly construed," *Rose*, 425 U.S. at 361, 96 S.Ct. at 1599, they are "intended to have mean-

---

1. The term "Vaughn" is unrelated to the name of the plaintiffs in this suit. "Vaughn Index" is a term derived from *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). As described by the Supreme Court, "[t]he 'Index' usually consists of a detailed affidavit, the purpose of which is to 'permit the court system effectively and efficiently to evaluate the factual nature of disputed information.' " *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, ——, 110 S.Ct. 471, 474 n. 2, 107 L.Ed.2d 462 (1989) (quoting *Vaughn*, 484 F.2d at 826).

ingful reach and application." *John Doe Agency,* 110 S.Ct. at 475.

■ The FOIA confers jurisdiction on the district courts to enjoin an agency from withholding records and to order the production of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). The Supreme Court has held that under this provision, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of Press,* 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements. *Department of Justice v. Tax Analysts,* 492 U.S. 136, 142, 109 S.Ct. 2841, 2846, 106 L.Ed.2d 112 (1989). The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought may be withheld due to an exemption. *Id.* at 142 n. 3, 109 S.Ct. at 2846 n. 3; 5 U.S.C. § 552(a)(4)(B). In this case there is no dispute that the IRS has withheld agency records. The question is whether the IRS has met its burden of showing that those records were withheld properly, that is, in accordance with one or more of the enumerated statutory exemptions.

### III.

■ Our review of a district court's determinations under the FOIA is normally two-pronged. We determine first whether the district court had an adequate factual basis for its decision, and second, decide whether upon that basis the court's decision was clearly erroneous. *Ingle v. Department of Justice,* 698 F.2d 259, 267 (6th Cir.1983). The Vaughns appeal only with respect to the first aspect having to do with the factual basis of the District Court's decision. That is, "[t]he Appellant has not disputed whether a particular document should be released or whether or not it [is] subject to an FOIA exemption." Rather, the Vaughns only assignment of error is that the District Court erred "by not requiring the government to file a Vaughn Index and by not conducting an in camera review of the documents." Therefore, our review in this case is limited to deciding whether the District Court had an adequate factual basis for its decision.

The courts have developed several methods to allow agencies to sustain their burden of establishing exemptions without compromising the secrecy of the information in the process. The court may examine the documents *in camera.* However, this Court has observed that such reviews "are not favored because they 'are burdensome and are conducted without the benefit of an adversary proceeding.'" *Osborn,* 754 F.2d at 197 (quoting *Ingle,* 698 F.2d at 264). Instead, "[a]n agency should be given the opportunity, by means of detailed affidavits or oral testimony, to establish to the satisfaction of the District Court that the documents sought fall clearly beyond the range of material [subject to disclosure]." *EPA v. Mink,* 410 U.S. 73, 93, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1973); *Kiraly v. FBI,* 728 F.2d 273, 276 (6th Cir.1984). In *Osborn* this Court set out the procedural requirements for testing the government's claims to exemptions in FOIA cases where *in camera* review is not used. Citing to the rule established by the District of Columbia Circuit in *Vaughn v. Rosen,* this Court held that:

> any claims made by the government that documents are exempt from disclosure must be supported by a summary of the disputed documents. That summary, customarily referred to as a "Vaughn Index," must be submitted to the court and meet the following criteria:
>
> "1. The index should be contained in one document, complete in itself.
>
> 2. The index must adequately describe each withheld document or deletion from a released document.
>
> 3. The index must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant. Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to con-

ceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA."

754 F.2d at 196 (quoting *White v. IRS,* 707 F.2d 897, 899 (6th Cir.1983)). The plaintiffs contend that *Osborn* created a bright-line rule that a so-called "Vaughn Index" is necessary in every case, that the government here failed to submit such an index, and, therefore, the District Court erred in granting summary judgment for the IRS. Although the plaintiffs correctly perceived the importance of *Osborn* to a proper resolution of this case, they misread that case.

■■■ In *Osborn,* this Court held that the affidavits submitted by the IRS to support the withholding of certain documents were too vague to allow effective review of the Commissioner's decision to withhold the documents at issue there. Specifically, we found that the "generalized language" and "conclusory" terminology of the affidavits was "of little or no assistance to a trial court in its decision-making or to an appellate court upon review." *Id.* at 197. While certain statements of the *Osborn* court can be read as requiring a document called a "Vaughn Index" in every case, a correct reading of *White* and *Osborn* requires the government to provide information to the district court that meets the standards of disclosure stated in the above-quoted language; no particular method of achieving those requirements is mandated. A court's primary focus must be on the substance, rather than the form, of the information supplied by the government to justify withholding requested information. The government must provide evidence that enables the court to make a reasoned, independent assessment of the claim of exemption. Whether that evidence comes in the form of an *in camera* review of the actual documents, something labelled a "Vaughn Index," a detailed affidavit, or oral testimony cannot be decisive. The ultimate goals remain to "(1) assure that a party's right to information is not submerged beneath government obfuscation and mischaracterization, and (2) permit the court system effectively and efficiently to evaluate the factual nature of disputed information." *Vaughn,* 484 F.2d at 826.

We now turn to the affidavits supplied by the IRS in this case to determine whether they meet the disclosure criteria of *White* and *Osborn.*

IV.

The IRS supported its motion for summary judgment with the affidavits of Fred Baldwin, a Special Agent in the Criminal Division of the IRS; John O. Hummel, District Director of the Detroit District of the IRS; and Linda Neal an attorney in the Disclosure Litigation Division of the IRS.

Special Agent Baldwin was in charge of the joint civil/criminal investigation of the Vaughns for federal tax violations. His affidavit indicates that the information withheld is contained in the files of the Criminal Investigation Division of the Detroit District of the IRS. Baldwin also attested that the information withheld was collected with respect to the determination of the existence, or possible existence, of the Vaughns' liability under Title 26, that the information constitutes tax return information under 26 U.S.C. § 6103(b)(2), and that disclosure would prematurely reveal evidence compiled during the ongoing investigation and potential prosecution of the Vaughns.

District Director Hummel's affidavit made the same assertions. In addition, Hummel stated his determination under 26 U.S.C. § 6103(e)(7) that release of the withheld information would seriously impair federal tax administration. Finally, Hummel went into detail regarding the Discriminant Function ("DIF") scores which were redacted from five pages of released documents, asserting that release of those scores would impair federal tax administration.

Attorney Neal's affidavit is considerably more detailed than those of Baldwin or Hummel. First, Neal's affidavit breaks down the withheld documents into separate categories. These consist of: (1) information supplied by third-party contacts and potential witnesses; (2) attorney-client communications; (3) DIF scores; (4) material

supplied by confidential sources; (5) special agent work papers and research; (6) third-party tax return information; and (7) miscellaneous documents. The miscellaneous documents include information provided by revenue agents regarding the audit of the Vaughns, information from the Treasury Enforcement Communications System, currency and bank retrieval requests, lien requests, and computer transcripts relating to power of attorney information. Neal also indicated, by page number, which of the 1,000+ documents were included in each of the above categories.

For each category of documents, Neal then discusses the legal grounds and exemptions upon which the government relies in withholding the specific documents contained within each category. Attached to her affidavit is an exhibit which summarizes, by document page number, the exemption(s) relied on for withholding each of the 1,000+ pages.

■ The categorical approach used in Neal's affidavit is permissible to satisfy the disclosure standards of *Osborn* since "[i]t is well-established that 'the government need not justify its withholdings document-by-document; it may instead do so category-of-document by category-of-document.'" *North v. Walsh*, 881 F.2d 1088, 1097 n. 13 (D.C.Cir.1989) (quoting *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 789 F.2d 64, 67 (D.C.Cir.1986)); *accord Reporters Committee for Freedom of Press*, 489 U.S. at 776–80, 109 S.Ct. at 1483–85. Of course, if the government chooses to rely on categorical determinations, its definitions of relevant categories must be sufficiently distinct to allow a court to determine, as to each category, whether the specific claimed exemption(s) are properly applied. We believe that the government has done so in this case.

■ The Vaughns' argument with respect to the information submitted by the government is twofold. First, they argue that the affidavits contain the same unacceptable general and conclusory language proscribed by this Court in *Osborn*. The District Court considered this argument and rejected it, finding that the affidavits

presented here "are specific enough to allow this Court to determine which documents have been withheld and to make a reasoned judgment as to whether the material is actually exempt under the FOIA. In fact, this Court finds that the affidavits submitted by [the IRS] are as complete and specific as an index would be if ordered." We agree with the District Court. There is indeed a similarity between the affidavits supplied by Special Agent Baldwin and District Director Hummel and the two IRS affidavits found to be insufficient in *Osborn*. However, in *Osborn* the government did not submit an affidavit similar to that filed by Linda Neal in this case. Whatever generalizations might exist in Baldwin's and Hummel's affidavits is remedied by Neal's affidavit, which describes in fair detail the documents in issue and the reasoning for application of specific FOIA exemptions.

Second, the Vaughns urge us to hold that even if the government's affidavits seemingly satisfy the disclosure requirements of *Osborn*, affidavits alone are always inadequate. Relying on *Stephenson v. IRS*, 629 F.2d 1140 (5th Cir.1980), the plaintiffs argue that a district court must use an alternate method such as sampling documents *in camera* to verify the validity of assertions made in governmental affidavits. Nothing in our prior FOIA cases suggests such a *per se* requirement and we decline the Vaughns' invitation to create one here.

■ The FOIA provides that a district court shall determine *de novo* whether claimed exemptions are applicable. 5 U.S.C. § 552(a)(4)(B). The Act also leaves to the court's discretion whether to order an examination of the contents of the agency records at issue, *in camera*, in making this determination. *Id.; NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978). Here, the District Court did not abuse its discretion in not reviewing the documents *in camera*. The IRS affidavits describe the requested documents and the justifications for nondisclosure with the necessary specificity and there is no evidence con-

trary to the affidavits or of bad faith by the IRS.

 Indeed, this Court's prior decisions indicate that *in camera* reviews are neither favored nor necessary where other evidence provides adequate detail and justification. *See, e.g., Osborn,* 754 F.2d at 197 (" 'no court should consider *in camera* review if a Vaughn Index can adequately resolve the issue' ") (quoting *Ingle,* 698 F.2d at 266)); *White,* 707 F.2d at 901 (upholding district judge's decision to require Vaughn Index instead of conducting *in camera* inspection of documents and holding that no such additional inspection was required). Other circuits have also recognized that affidavits alone may be adequate to substantiate claims of FOIA exemptions. *See, e.g., Kimberlin v. Department of Treasury,* 774 F.2d 204, 210 (7th Cir.1985) (Affidavits alone are sufficient to justify summary judgment where sufficiently detailed information is provided and the affidavits "are not controverted by either contrary evidence in the record or evidence of agency bad faith."); *Center for Auto Safety v. EPA,* 731 F.2d 16, 22 (D.C.Cir.1984) (summary judgment appropriate without *in camera* inspection if affidavits "provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith"); *Church of Scientology v. Department of Army,* 611 F.2d 738, 742 (9th Cir.1979) ("If the agency supplies a reasonably detailed affidavit describing the document and facts sufficient to establish an exemption, then the district court need look no further in determining whether an exemption applies."). *See also* Annotation, *Use of Affidavits to Substantiate Federal Agency's Claim of Exemption From Request for Documents Under Freedom of Information Act* (5 USCS § 552), 55 A.L.R. Fed. 266, § 3 (1981 & 1990 Supp.).

The Fifth Circuit case relied on by the Vaughns, *Stephenson v. IRS,* is inapposite. In *Stephenson* the court held that, standing alone, an affidavit from an IRS special agent provided an inadequate factual basis for the district court's decision that certain material was exempt from a FOIA request. The *Stephenson* court was presented with an affidavit which did not provide enough detail and was written in generic terms, *see* 629 F.2d at 1142 n. 5, much like those held to be inadequate by this Court in *Osborn.* The court stated that "in instances where it is determined that records do exist, the District Court must do more to assure itself of the factual basis and bona fides of the agency's claim of exemption than rely solely upon an affidavit." *Id.* at 1145 (footnote omitted). The *Stephenson* court approved of the District of Columbia Circuit approach articulated in *Vaughn v. Rosen,* however, and was not presented with an affidavit or affidavits providing the detail and specificity comparable to a so-called "Vaughn Index." Furthermore, the *Stephenson* court itself noted "eminent decisions arguably to the contrary...." 629 F.2d at 1145 & n. 16. To the extent that the *Stephenson* court did create a *per se* rule, we disagree.

 As we have stated, a court must have sufficiently detailed information regarding the contents of withheld documents along with reasoning for the application of specific FOIA exemptions to enable the court to make an independent assessment of both the contents of the documents in issue and the applicability of any asserted exemption(s). While a court is certainly free to take various types of evidence such as detailed affidavits, sampling of documents *in camera,* or oral testimony, a court is not required to follow any particular course if it is otherwise able to make the independent, reasoned judgment mandated by this Court's decisions.

## V.

We conclude that the affidavits submitted by the IRS, in particular that offered by Linda Neal, adequately describe the withheld documents or deletions, and that the claimed exemptions and reasons for their application are sufficiently set out to permit a reasoned judgment about whether the exemptions apply to the documents in issue. Therefore, we find that

the District Court had an adequate factual basis for its decision and AFFIRM.