Alton COLEMAN, Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION, et
al., Defendants.

Civil Action No. 95–1516 (RCL).

United States District Court,
District of Columbia.

July 31, 1997.

Dale A. Baich, Asst. Federal Public Defender, Office of the Federal Public Defender of the Dist. of Ariz., Phoenix, AZ, for Plaintiff.

Eric H. Holder, Jr., U.S. Atty., Anthony M. Alexis, Asst. U.S. Atty., Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

Before the court is plaintiff's Motion for Further Indexing and a More Specific *Vaughn* Index. For the following reasons the court finds that the FBI's *Vaughn* [1] index does not adequately describe the content of certain documents. Therefore, plaintiff's motion for a more specific *Vaughn* index will be GRANTED in part and DENIED in part.

### Factual Background

Plaintiff's FOIA dispute with the FBI began in 1988. *See Coleman v. FBI*, No. 89–2773, slip op. (D.D.C. Dec.10, 1991) *summarily aff'd*, No. 92–5040, 1992 WL 373976 (D.C.Cir. Dec. 4, 1992) [hereinafter *Coleman II* ].[2] At that time, plaintiff requested certain documents from the FBI. The FBI informed plaintiff that his request had produced between 7,700 and 10,000 pages, and that it would take a considerable amount of time for the FBI to process plaintiff's request. Plaintiff could not afford to wait. One of his execution dates was rapidly approaching.[3] At the FBI's behest, plaintiff chose to voluntarily abbreviate the scope of his FOIA request, and the FBI then agreed to perform an expedited review of the responsive documents.

Of the 318 pages that were responsive, the FBI withheld 241 pages pursuant to a variety of FOIA exemptions. Plaintiff sought review in this court. In the course of the litigation, the FBI produced a coded *Vaughn* index. In its index, the FBI inserted 24 Deleted Page Sheets (DPS) to represent the 241 withheld pages. Each DPS stated the number of pages it represented and the relevant coded reason that it was withheld. The code could be cross referenced with the declaration of Regina Superneau. This method of *Vaughn* indexing, i.e. providing nothing but a numbered code, was found insufficient with respect to entirely withheld pages. Accordingly the FBI was ordered to submit a more specific *Vaughn* index. *See Coleman v. FBI*, No. 89–2773, slip op. (D.D.C. April 3, 1991) [hereinafter *Coleman I* ]. They did so. Specifically, the FBI filed another agent's declaration and included 134 DPS' to represent the 241 withheld pages. On each DPS the FBI not only provided the relevant coded reason for withholding the document, but it wrote a short explanatory note that described the form and the content of the withheld page/s. The court upheld this *Vaughn* index as sufficient, and on December 10, 1991, this court granted the FBI's motion for summary judgment. *See Coleman II, supra.*

Once the dispute over the 318 pages was resolved, plaintiff then sought to obtain the remainder of the documents responsive to his original FOIA request. These remaining documents are the subject of this present litigation. Specifically plaintiff's dispute [4] encompasses the 92 DPS' which represent 1195 withheld pages.[5]

Once again plaintiff comes before the court

---

1. *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973).

2. There are two Orders from this previous action that will be referred to throughout this opinion. The Order of April 3, 1991, will be referred to as *Coleman I*. The Order of December 10, 1991, which granted summary judgment for the FBI, will be referred to as *Coleman II*.

3. Plaintiff has been convicted of four murders for which he has received death sentences. *See* Def's Exh. 3; Moran Decl. at 15–18.

4. By "dispute" the court intends to refer to plaintiff's challenge of the sufficiency of the FBI's *Vaughn* index, and *not* whether the documents have been properly withheld pursuant to the pertinent FOIA exemptions.

5. At the time plaintiff first filed this motion 1775 entirely withheld pages were in dispute. These pages were represented by 162 Deleted Page Sheets (DPS). Since plaintiff's motion, the parties have conferred and as a result the dispute has been narrowed to 1195 pages, represented by 92 DPS'. *See* Plaintiff's Reply at Exh. B.

to argue that the FBI's *Vaughn* index[6] does not provide him with enough information to adequately challenge the FBI's FOIA exemption claims. Plaintiff points to a number of examples where the FBI used a single DPS to withhold numerous pages; "[f]or instance, a single DPS is used to describe seventeen (17) pages, . . . forty-one (41) pages, . . . forty-eight (48) pages, . . . sixty (60) pages, . . . eighty-one (81) pages, . . . one hundred and thirty-eight (138) pages, . . . and two hundred and eight (208) pages." Plaintiff's Reply of Feb. 25, 1997 at 2; Plaintiff's Mot. for Further Indexing and a More Specific *Vaughn* Index at 4. Plaintiff contends that the FBI is doing again what it did in the previous case and accordingly calls upon this court to "remind" the FBI "of its duty under the FOIA." Plaintiff's Mot. for Further Indexing and a More Specific *Vaughn* Index at 7.

The FBI argues that its *Vaughn* index is sufficient; because, "[i]n this matter, defendants, in addition to providing a DPS have hand-printed on each DPS, in the lower left-hand corner, a detailed description of each document which has been withheld." Def's Opposition at 4. The FBI adds that "[t]his notation satisfies the requirements of *Coleman v. FBI*, No. 89–2773, slip op at 9–12 (D.D.C.1991). . . ." *Id.* at 5.

### Discussion

■ The issue before this court is whether defendants' inclusion of a "narrative" on each DPS renders its index satisfactory under the requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973). "[I]t is the function, not the form, of the index that is important." *National Treasury Employees Union v. United States Customs Service*, 802 F.2d 525, 527 (D.C.Cir.1986). The function of a *Vaughn* index is essentially to "enable[ ] the adversary system to operate by giving the

requester as much information as possible, on the basis of which he can present his case to the trial court." *Keys v. Department of Justice*, 830 F.2d 337, 349 (D.C.Cir.1987). This in turn informs the court so that it is able to decide whether a particular agency is properly exercising the FOIA exemptions.

In the previous *Coleman* case, this court held that it is not sufficient to simply provide a coded index to describe documents withheld in their entirety. *See Coleman I, supra* at 9–12. In this case, the FBI has, however, provided more information concerning the entirely withheld documents. They have included on each DPS a "narrative" that purports to specifically describe the withheld documents. The "narrative" does indeed adequately describe a number of the entirely withheld documents.

A problem arises when a single DPS, albeit with a "narrative," is used to describe numerous documents. For example, document MW 7–897–Sub B2–167 encl, is 208 pages. Every page is entirely withheld. In the *Vaughn* index the FBI cites exemptions (b)(7)(C)–3, 4, 5, 6, and (b)(7)(D)–4, 5.[7] In addition, the FBI includes the following "narrative:"

> The deleted pages, the enclosure to the FD 340 envelope, are a compilation of local police department reports concerning the murder investigation on Vernita Wheat. Included in these pages are P.D. interviews of cooperating third parties, investigative leads, evidence and the P.D. direction of the investigation.

While this description adds to the court's understanding of the withheld documents, it still falls short of the information needed to evaluate the agency's claimed Exemptions.

The two Exemptions that are used to withhold almost all of the 1195 pages are Exemption 7(C) and 7(D).[8] Under Exemption 7(C)

---

6. On June 5, 1996, the FBI submitted the Declaration of Robert Moran accompanied by four exhibits. Exhibit 4 is a twenty volume set that includes the documents that have been entirely, or partially, produced and the DPS' that represent the documents that have been entirely withheld. The Declaration and the exhibits function as the FBI's *Vaughn* index.

7. The explanation of each numbered exemption is generally described in Moran's Declaration. If this had been all that the FBI provided, it clearly would not have satisfied the requirements of the previous Coleman case. *See Coleman I, supra.*

8. Exemption 7(C) applies to law enforcement records that if released "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. sec. 552(b)(7)(C).

the court must balance the privacy interests of the individual that the Government seeks to protect against the public's interest in disclosure. *See Coleman II, supra* at 15. On the present record, the court is unable to do so with regard to document MW 7–897–Sub B2–167 encl.

Under Exemption 7(D) the court does not engage in a balancing of interests. Conversely, the court must determine "whether the 'source' can properly be characterized as 'confidential'" *See Coleman II, supra* at 22 (citing *Dow Jones & Co. v. Department of Justice*, 917 F.2d 571, 575–76 (D.C.Cir.1990)). On the present record, the court is unable to do so with regard to document MW 7–897–Sub B2–167 encl.

■ The explanation, set forth above, for MW 7–897–Sub B2–167 encl, is simply too brief to justify withholding 208 pages, especially where the 208 pages are not even a single document. Even the Government's own assessment of the FOIA case law states that "an agency ordinarily must justify its withholdings on a page-by-page or document-by-document basis...." *FOIA Guide & Privacy Act Overview*, September 1996, at 464. Indeed, this court explained in the previous *Coleman* case that "the court objected to the agency's use of a single Deleted Page Sheet for multiple documents it was withholding." *Coleman II, supra* at 4.

The document-by-document index has been the norm. Courts have been especially rigorous about adhering to this document-by-document norm with respect to Exemption 1

(national security). *See Oglesby v. United States Dep't of Army*, 79 F.3d 1172, 1180 (D.C.Cir.1996). In *Oglesby*, the Army attempted to withhold a "compilation" of documents, 483 pages in length, by simply asserting a short description and Exemption 1. There, the District of Columbia Circuit stated that "*Vaughn* and its progeny require that an agency itemize *each* document and explain the connection between the information withheld and the explanation claimed...." *See id.* at 1180 (emphasis in original); *see also King v. Department of Justice*, 830 F.2d 210, 223 (D.C.Cir.1987) (Exemption 1).

This document-by-document index norm is not absolute. An index of material withheld pursuant to Exemption 7(A) can be categorical under certain circumstances. *See Bevis v. Department of State*, 801 F.2d 1386, 1389 (D.C.Cir.1986). The Sixth Circuit has also allowed a categorical *Vaughn* index for Exemption 7(C) and (D). *See Vaughn v. United States*, 936 F.2d 862 (6th Cir.1991). But in that case, the declaration had "an exhibit which summarizes, by document page number, the exemption(s) relied on for withholding each of the 1000+ pages." *Id.* at 868.

■ For an agency to break from the norm of a document-by-document index, the agency must at least argue that a "categorical"[9] index is warranted. *See Bevis*, 801 F.2d at 1389 (stating that "if it wishes to adopt a generic approach, the FBI has a three fold task."). In this case, the FBI makes no such argument. Rather, the FBI simply contends that its *Vaughn* index suffi-

---

Exemption 7(D) applies to "records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source—including a state, local or foreign agency or authority or any private institution which furnished information on a confidential basis—and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation ..." 5 U.S.C. sec. 552(b)(7)(D).

9. The term "categorical" can refer to two stages of FOIA litigation. The first focuses on the sufficiency of the factual basis or, in other words, the *Vaughn* index. At this stage an agency may show that a generalized *Vaughn* index, one that presents the withheld documents in groupings rather than individually, is appropriate. *See Bevis*, 801 F.2d at 1389 (Exemption 7(A)); *see also*

*In re Department of Justice*, 999 F.2d 1302, 1309 (8th Cir.1993) (describing the necessary showing to justify a generalized Exemption 7(A) index). The second stage confronts dispositive motions, e.g., at summary judgment. This refers to a court's assessment of whether the exercise of the Exemption is legitimate. *See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 780, 109 S.Ct. 1468, 1485–86, 103 L.Ed.2d 774 (1988) (holding that Exemption 7(C) categorically applies when a third party requestor seeks FBI "rap" sheets). These two stages are somewhat different. An agency's ability to categorically withhold a certain class of documents does not imply that the agency does not have to adequately describe, via a *Vaughn* index, that the document is, in fact, within the relevant category.

ciently describes the reasoning for asserting Exemption 7(C) and (D).[10] Indeed, the FBI represents that they have provided a "detailed description of each document which has been withheld." *See* Def's Opposition at 4. This is not the case. There are a few DPS' that represent more than one document. These DPS' are not adequate. Not because of the form of the FBI's index, but instead their descriptions fail to inform the court as to the contents of individual documents and the applicability of the various Exemptions.

Likewise, the DPS' that plaintiff challenges in Part 12 (Exh. 4 of Moran's Declaration) are inadequate. There are five DPS' that the court takes issue with. These DPS' represent the withholding of no less than 152 pages of an unknown number of documents; yet, the description, which is substantially the same for each DPS, simply states that the document(s) contain "a local law enforcement agency's investigative report containing evidentiary material, witness interviews, scene investigations and leads." *See* Moran's Decl. Exh 4. Part 12, CG7–2743–Sub.J–26. In the previous *Coleman* case, the court stated " '[w]here the agency affidavits merely parrot the language of the statute and are drawn in conclusory terms, the court's responsibility to conduct *de novo* review is frustrated." *Coleman I, supra* at 12 (quoting *Carter v. United States Dep't of Commerce,* 830 F.2d 388, 393 (D.C.Cir.1987)). Here, the "narratives" in Part 12 fail to aid the court in its *de novo* review.

Accordingly, the FBI must submit a more specific index with respect to the withholdings listed below. The FBI is not required to submit a formal tome of DPS' to supplement its *Vaughn* index. Form has never been the goal of the *Vaughn* decision. Rather, the FBI must simply supply an adequate amount of information. The FBI can accomplish this by identifying the individual document, the relevant Exemption and the reason that Exemption applies, in some sort of a list format. *See. e.q.,* Plaintiff's Reply at Exh. A.

Many of the DPS' do satisfy the requirements of the previous *Coleman* case. *See* *Coleman I, supra.* These DPS' contain a sufficiently detailed narrative that allows the court to assess the merits of the FBI's claimed Exemptions. Accordingly, plaintiff's Motion for a More Specific *Vaughn* Index will be DENIED with respect to the DPS' that are not listed below.

For the reasons stated above, It is hereby ORDERED that plaintiff's motion for a more specific *Vaughn* index is GRANTED in part and DENIED in part. Defendants must submit a more specific description of the following withholdings:

Moran Declaration: Exhibit 4

Part 2: HQ–19343–208
Part 6: MW7–897–649 pp. 2–4 (no 'narrative' included)
Part 7: MW7–897–1B2–55 encl.
Part 8: MW7–897–1B2–103
MW7–897–1B2–104
MW7–897–Sub.B2–167 encl.
Part 11: CG7–2743–Sub.B–41, pp. 1–22, 24, 26–45, 51–55, 57, 61–83
CG7–2743–Sub.B–41, pp. 90–164.
Part 12: CG7–2743–Sub.E–2, pp. 1,2,5,6.
CG7–2743–Sub.E–2, pp. 16–25, 27, 31–36, 38–47, 51.
CG7–2743–Sub.–7 encl.
CG7–2743–Sub. J–2 CG7–2743–Sub. J–26

This submission shall be filed within thirty (30) days of this date. Plaintiff shall file his motion for summary judgment and/or his opposition to defendant's summary judgment thirty (30) days thereafter.

SO ORDERED

---

10. For all documents at issue here, the FBI asserts Exemption 7(C) and (D). Moran's Declaration divides the general Exemption, such as Exemption 7(C), into a number of subcategories.