**Patrick RUGIERO, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and United States Department of Treasury, Defendants.**

**Civ. A. No. 97–40520.**

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 19, 1998.

Alan C. Applebaum, Southfield, MI, for Patrick Rugiero.

Charles H. Keen, U.S. Dept. of Justice, Tax Div., Washington, DC, William L. Wood-

ard, U.S. Attorney's Office, Detroit, MI, for Dept. of Justice.

Charles H. Keen, U.S. Dept. of Justice, Tax Div., Washington, DC, for Dept. of Treasury.

## *MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

Before the court are two separate motions for summary judgment filed by defendants, United States Department of Justice and United States Department of Treasury. This court held oral argument on the instant motions on September 15, 1998. At that time, this court took the majority of issues related to the motions for summary judgment under advisement. However, on September 16, 1998, this court did enter an order disposing of a number of matters. This court is now prepared to rule on the remaining issues raised in the motions for summary judgment. For the reasons set forth below, this court will grant defendants' motions in part, and deny them in part.

**Factual Background**

This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). FOIA provides for disclosure of information to the public unless the requested records are exempt under one or more of the nine statutory exemptions. *Department of the Air Force v. Rose,* 425 U.S. 352, 360–61, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). The plaintiff is Patrick Rugiero, and the defendants are the United States Department of Justice and Department of Treasury.

Plaintiff submitted FOIA requests seeking disclosure of any and all documents about himself from several components of the Department of Justice and Department of Treasury. Those components include the Criminal Division of the Department of Justice (DOJ–Crim.Div.), the Detroit Field Division of the Federal Bureau of Investigation (FBI–Detroit), Headquarters of the Federal Bureau of Investigation (FBI–HQ), Executive Office of United States Attorneys (EOUSA), United States Secret Service (USSS), United States Marshal Service (USMS), United States Customs Service (USCS), Bureau of Alcohol, Tobacco and Firearms (ATF), and the United States Drug Enforcement Administration (DEA). Plaintiff also claims that he submitted FOIA requests to the Internal Revenue Service (IRS) and Tax Division of the U.S. Department of Justice (DOJ–Tax).

The components responded to plaintiff's requests by searching their records to determine whether any responsive documents existed. DOJ–Crim.Div. (Count I) located two responsive documents. It released one of the documents to plaintiff with certain information redacted pursuant to 5 U.S.C. § 552(b)(6) and (b)(7)(C). It determined that the other document originated in EOUSA, so it referred the document to that component for processing and direct response to plaintiff. EOUSA reviewed the document and released it in full to plaintiff.

FBI–Detroit (Count II) located one document with five pages responsive to plaintiff's request, and released to plaintiff one page in its entirety and the remaining four pages with certain information redacted under 5 U.S.C. § 552(b)(7)(C). FBI–HQ (Count III) searched its records and found no pertinent records responsive to plaintiff's FOIA request.

EOUSA (Count IV) located 1, 211 pages of responsive documents. Of this total, it released 292 pages to plaintiff in their entirety and 31 pages with portions withheld. It withheld 888 pages in their entirety (821 of which were grand jury materials). EOUSA withheld the information pursuant to the FOIA exemptions under 5 U.S.C. § 552(b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F). EOUSA also determined that an additional 175 pages in its possession had originated with DEA and an additional 73 pages had originated with ATF, so it referred those pages to DEA and ATF for FOIA processing and direct response to plaintiff.

USSS (Count V) searched its records and found no pertinent records responsive to plaintiff's FOIA request.

USCS (Count VI) located one responsive document consisting of two pages, which it

released to plaintiff with certain information redacted pursuant to 5 U.S.C. § 552(b)(2) and (b)(7)(C).

USMS (Count VII) located 46 documents responsive to plaintiff's request. It withheld none of these documents in their entirety, released one document to plaintiff in its entirety, and released 43 documents to plaintiff with certain information redacted pursuant to 5 U.S.C. § 552(b)(2), (b)(7)(C), and (b)(7)(E). USMS determined that the remaining two documents had originated in EOUSA, so it referred those document to EOUSA for disclosure determination and direct response to plaintiff.

ATF (Count VIII) located 105 pages responsive to plaintiff's FOIA requests, and released all responsive document to plaintiff with information redacted pursuant to 5 U.S.C. § 552(b)(7)(c), (b)(7)(D), and (b)(7)(F).

The Internal Revenue Service (Count IX) claimed that it found no responsive documents.

DOJ–Tax (Count X) claims that plaintiff never properly complied with the administrative procedures required under FOIA, and thus it has not produced any documents related to a request by plaintiff.

DEA (Count XI) located 399 pages of responsive document. It released 100 pages to plaintiff with portions redacted, and withheld the remaining 299 pages in their entirety. DEA asserts that it redacted or withheld information pursuant to the FOIA exemptions set forth in 5 U.S.C. § 552(b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

In the present suit, plaintiff seeks to compel disclosure of documents or information withheld by the components on grounds that they are exempt under FOIA. Count I pertains to the FOIA request made to DOJ–Crim.Div.; Count II pertains to FBI–Detroit; Count III pertains to FBI–HQ; Count IV pertains to EOUSA; Count V pertains to the USSS; Count VI pertains to the USCS; Count VII pertains to the USMS; Count VIII pertains to ATF; Count IX pertains to the IRS; Count X pertains to DOJ–Tax; and Count XI pertains to DEA.

## Discussion

### 1. Standard for summary judgment pursuant to Rule 56

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions; answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v.*

*City of Cleveland,* 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir. 1991).

### 2. FOIA

The FOIA statute provides in relevant part:

> [E]ach agency, upon request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

5 U.S.C. § 552(a)(3).

However, not all public records are subject to production under the Act. Subsection (b) of the statute sets forth a number of exemptions to disclosure of records:

(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(2) related solely to the internal personnel rules and practices of an agency;

(3) specifically exempted from disclosure by statute .... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

\* \* \* \* \* \*

(5) inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention· of the

law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

\* \* \* \* \* \*

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.

5 U.S.C. § 552(b).

■ Defendants claim that the withheld or redacted records in this case are exempt from disclosure under subsections (2), (3), (5), (6), (7)(C), (7)(D), (7)(E), and (7)(F) of subsection 552(b). Under the statute, the burden is on the governmental agency to show that the materials sought may be withheld due to an exemption. *See Vaughn v. United States,* 936 F.2d 862, 866 (6th Cir.1991); 5 U.S.C. § 552(a)(4)(B).

### 3. Defendants' motion as it pertains to Counts I–VIII and XI

#### a. Count I

In response to the request that gives rise to Count I of plaintiff's complaint, the DOJ–Crim.Div. disclosed one document in full, and one cover sheet with material redacted. Plaintiff's argument that the DOJ–Crim.Div. performed an inadequate search for documents rests primarily on the fact that the redacted cover sheet contains the language, "YOU ARE ADVISED THAT THE FILE DESCRIBED BELOW HAS BEEN CLOSED." Essentially, plaintiff contends that the fact that a file has been closed necessarily indicates that the file has been opened. Plaintiff argues simply that there must have been more than one document in addition to the cover sheet in the file. Accordingly, plaintiff contends that the search must have been inadequate.

---

1. This court notes that plaintiff raises this argument repeatedly throughout his responses to defendants' motions for summary judgment. (*See, e.g.,* discussion of Counts II, VI, VII, VIII and XI, *infra.*)

2. "Vaughn Index" is a term derived from *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39

In response, the government has submitted the declaration of Linda J. Joachim, which indicates that, indeed, the only document contained in the file at issue was the one document submitted to plaintiff in response to his FOIA request. Against such a declaration, plaintiff's unsubstantiated conjecture that the file must have contained additional documents will not, without more, enable plaintiff's claim to survive a motion for summary judgment.

■ Plaintiff also argues that this court should review *in camera* the redacted portions of the cover sheet to determine whether the information redacted is, in fact, exempt under the statute.[1] However, courts faced with similar claims have clearly held that a court should not engage in an *in camera* review of documents if the court can resolve the question of the adequacy of the governmental agency's search for responsive documents by examining the Vaughn Index[2] and other affidavits and declarations of the government agency that conducted the search. *See, e.g., Ingle v. Dep't of Justice,* 698 F.2d 259, 264–66 (6th Cir.1983). In *Ingle,* the Sixth Circuit quoted with approval the following passage from *Cox v. United States Dep't of Justice,* 576 F.2d 1302, 1312 (8th Cir.1978):

'A court's primary role ... is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position.... If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.'

L.Ed.2d 873 (1974). The index usually consists of a detailed affidavit, the purpose of which is to permit the court system effectively and efficiently to evaluate the factual nature of disputed information. *See John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 110 S.Ct. 471, 474 n. 2, 107 L.Ed.2d 462 (1989).

*Ingle,* 698 F.2d at 265. Unless there is evidence that contradicts the Government's affidavits, or some other evidence of bad faith on the part of the agency, this court will not accept plaintiff's invitation to conduct an *in camera* review of documents in this case. *See Silets v. United States Dep't of Justice,* 945 F.2d 227, 231 (7th Cir.1991) (holding specifically that courts should require evidence of bad faith, as opposed to mere assertions of bad faith before engaging in an *in camera* review of documents); *Vaughn v. United States,* 936 F.2d 862, 868–69 (6th Cir.1991) (holding that sufficiently clear affidavits are adequate to substantiate claims of FOIA exemptions in the absence of evidence to the contrary or evidence of bad faith on the part of the agency).

With respect to Count I, plaintiff has not offered any evidence of agency bad faith, or any other evidence that would suggest an *in camera* review of the redacted document would be appropriate. Rather, plaintiff merely contends that an *in camera* review is "necessary and is requested by plaintiff to test [defendant's] claims of exemption." (Pl.'s Resp. at 4.) At oral argument, plaintiff's counsel repeatedly indicated that plaintiff believes he is unable to trust that the government has adequately addressed his requests. Counsel relied heavily on *Jones v. Federal Bureau of Investigation,* 41 F.3d 238 (6th Cir.1994), in which the court noted that "[e]ven where there is no evidence that the agency acted in bad faith with regard to the FOIA action itself there may be evidence of bad faith or illegality with regard to the underlying activities which generated the documents at issue." *Id.* at 242. The court went on to note that "*[w]here such evidence is strong,* it would be an abdication of the court's responsibility to treat the case in the standard way and grant summary judgment on the basis of *Vaughn* affidavits alone." *Id.* at 242–43 (emphasis added). However, *Jones* is distinguishable from this case because in *Jones,* the Sixth Circuit made a specific finding that there was strong evidence of bad faith. The court even went so far as to note that "infringements of civil liberties seem[ed] well documented...." *Id.* at 243. In this case, plaintiff has come forth with no substantial showing of such evidence.

Without some substantial evidence of the type required by *Ingle,* and recognized in *Jones,* this court will decline plaintiff's request to conduct an *in camera* review of the documents related to Count I.

Accordingly, this court will grant defendants' motion for summary judgment with respect to Count I.

### b. Count II

 In response to the FOIA request that gives rise to Count II of plaintiff's complaint, FBI–Detroit located one 48–page memorandum, five pages of which it asserts are responsive to plaintiff's request. Accordingly, FBI–Detroit released one page in its entirety and four pages with information redacted pursuant to exemption § 552(b)(7)(C). Plaintiff contends that "it is beyond the scope of believability that 43 pages contain so much personally identifying information as to be exempt from disclosure under § 552(b)(7)(C)." (Pl.'s Resp. at 5.) In response to that contention, defendants have submitted an affidavit which indicates that, in fact, the other 43 pages of this document do not pertain to plaintiff at all, and as such, those pages are non-responsive to plaintiff's request.

Plaintiff has not come forth with any evidence to suggest FBI–Detroit conducted its search in bad faith. Nor has plaintiff produced any substantial evidence or argument that would suggest that FBI–Detroit's characterization of those 43 pages as non-responsive to plaintiff's FOIA request is incorrect. Accordingly, this court will decline to examine the memorandum *in camera,* and this court will grant defendants' motion for summary judgment with respect to Count II.

### c. Count IV

In response to the FOIA request giving rise to Count IV, EOUSA released approximately 300 pages in their entirety, and 31 pages with portions redacted. EOUSA claims it withheld 888 documents in their entirety, 821 of which were grand jury materials. Plaintiff first claims, and defendant concedes, that the 31 redacted pages were issued without page numbers, making it very difficult for plaintiff to compare the documents to the *Vaughn* Index. Plaintiff has

requested that defendant be required to re-release those 31 pages with page numbers so that plaintiff may more easily evaluate the claims of exemption. This court has indicated that such a request appears reasonable, and accordingly, this court entered an order on September 16, 1998 requiring EOUSA to re-release those pages.

■ Next, plaintiff claims that defendants have failed to demonstrate that the withheld documents related to the grand jury proceedings are actually exempt from disclosure because defendants have failed to show that the documents would reveal the scope and inner workings of the grand jury. *See Church of Scientology Int'l v. United States Dep't of Justice*, 30 F.3d 224, 235 (1st Cir.1994). Moreover, plaintiff contends that defendants did not specifically address the question of whether any of the purported grand jury documents were segregable.

Contrary to plaintiff's contention, the various affidavits, declarations and portions of the Vaughn Index indicate that the defendants did, in fact, consider whether any documents related to this request are segregable. Moreover, in Item 1 of its *Vaughn* Index, EOUSA clearly set forth exactly what kinds of documents were contained in the 821 pages of grand jury materials. It is true that *Church of Scientology* makes clear that, despite the fact that grand jury materials are often completely exempt, there is a distinction between grand jury exhibits and testimony on the one hand, and business records or similar documents created for purposes independent of grand jury investigations which have legitimate uses unrelated to the substance of the grand jury proceedings on the other. However, as the *Vaughn* Index in this case clearly indicates, the 821 pages of grand jury materials in this case are comprised of transcripts of witness testimony and actual exhibits, as well as other documents that specifically name grand jury witnesses. Pursuant to *Church of Scientology*, all such documents are exempt under FOIA.

Plaintiff next takes issue with EOUSA's withholding of a number of specific documents:

#### i. Document (2)

■ First, plaintiff claims that he is entitled to possession of a copy of what has been labeled "Document (2)," which is a letter from the federal prosecutor regarding discussions with jurors and third parties about threats of intimidating conduct directed at and reported by several jurors during plaintiff's criminal trial. It is undisputed that plaintiff's criminal trial counsel, N.C. Deday LaRene, received a copy of this correspondence. Despite the fact that this document was once disclosed to plaintiff's attorney, there are clear privacy interests that weigh in favor of withholding this letter pursuant to (b)(7)(C). In order to resolve the issue, this court ordered defendant to produce the document for an *in camera* inspection.

Upon a thorough review of Document (2), this court finds that plaintiff is entitled to possession of the document. While this court does recognize that certain privacy interests are implicated by the release of the document, the fact that the Assistant United States Attorney already disclosed the information contained in this document to plaintiff's criminal trial counsel suggests to this court that those privacy interests do not outweigh plaintiff's right to the information contained in Document (2). Accordingly, this court will direct EOUSA to release a copy of this document to plaintiff.

#### ii. Document (3)

■ Second, plaintiff asserts he is entitled to a copy of what has been labeled as "Document (3)," which is a letter from an Assistant U.S. Attorney to an FBI Special Agent regarding possible jury tampering. Defendants assert that the letter constitutes protected attorney work product. While plaintiff asserts there is a distinction between factual and deliberative work product, the law is clear that for the purposes of a (b)(5) exemption, both factual and deliberative work product are exempt from release under FOIA. *See Norwood v. Federal Aviation Admin.*, 993 F.2d 570, 576 (6th Cir.1993). Accordingly, this court rejects plaintiff's argument with respect to this document.

### iii. Document (5)

Third, plaintiff objects to the withholding of what has been labeled as "Document (5)," which consists of a communication between EOUSA and the U.S. Probation department. Plaintiff contends that the Probation Department relied on the document when it prepared plaintiff's presentence report, and as such, plaintiff contends that he is entitled to it. This court has noted that, to the extent Document (5) was used as an aid in the preparation of the presentence report which this court consulted prior to sentencing plaintiff, plaintiff has a strong interest in ensuring that the contents of the document are accurate. Accordingly, this court ordered EOUSA to submit Document (5) for an *in camera* inspection.

Upon review of Document (5), this court is satisfied that the document was not used as an aid in the preparation of plaintiff's presentence report. Accordingly, this court finds that EOUSA properly withheld Document (5).

### iv. Documents (9) and (10)

Finally, plaintiff asserts he is entitled to what have been labeled as "Documents (9) and (10)," which are two pieces of correspondence from an Assistant U.S. Attorney to attorneys for third parties. Plaintiff contends that these letters relate to an investigation of his attorney, N.C. Deday LaRene. Plaintiff sought an *in camera* inspection of the documents to determine whether LaRene is in fact the subject of the documents. Given the slight burden that would result, this court ordered production of Documents (9) and (10) for *in camera* review.

Upon review of Documents (9) and (10), this court is satisfied that LaRene is not the subject of those pieces of correspondence. Therefore, this court finds that EOUSA properly withheld Documents (9) and (10).

Accordingly, for the reasons set forth above, this court will grant in part and deny in part defendants' motion summary judgment as it relates to Count IV.

### d. Count V

In response to the request that gives rise to Count V of plaintiff's complaint, the USSS searched its records and found no responsive documents. Plaintiff contends that a document he received in the context of another request reveals that the USSS had an "ongoing investigation" against him. Accordingly, plaintiff asserts that the USSS should not be able to claim that it has no documents related to his request. However, a review of that document suggests only that Rugiero's name was mentioned in the context of an investigation report prepared by Treasury–ATF. Defendants have submitted a declaration which indicates that the investigation related to that document was directed at someone other than plaintiff. Accordingly, the document is not sufficient to produce a genuine issue of material fact as to whether USSS has responsive documents that it did not disclose to plaintiff. Therefore, this court will grant defendants' motion for summary judgment as to Count V.

### e. Counts VI, VII, VIII and XI

With respect to the requests related to these Counts, plaintiff again merely asks for an *in camera* review of the relevant documents to determine whether defendants' claims of exemption are well-founded. Again, plaintiff has produced no evidence to suggest that there is any bad faith on the part of the agencies involved. Accordingly, pursuant to *Ingle* and *Silets,* this court rejects plaintiff's invitation to conduct an *in camera* review. Therefore, this court will grant defendants' motion for summary judgment with respect to these counts.

### 4. Defendants' motion as it pertains to Counts IX and X

### a. Count IX

Count IX relates to a request made to the Internal Revenue Service. In response to that request, the IRS claimed that it had no responsive documents. Plaintiff contends, however, that the federal tax return records of plaintiff were introduced as evidence by the government in the course of prosecuting plaintiff. Accordingly, plaintiff contends that the response by the IRS is disingenuous, and they should be required to run another search. However, as counsel for defendant indicated at oral argument, the specific search requested by defendant was for any

documents related to any IRS Criminal Investigation Division investigation of him between the years of 1984 and 1993. Plaintiff has not been charged with tax evasion, and the mere fact that the government introduced his federal tax returns in the course of prosecuting him for non-tax-related offenses does not suggest that there must have been a Criminal Investigation Division investigation. Therefore, this court will grant defendant's motion for summary judgment with respect to Count IX.

### b. Count X

Count X arises out of a request made to the Department of Justice–Tax Division. Defendants' motion for summary judgment as to Count X is based on the claim that plaintiff did not comply with the administrative process required under FOIA when he made his request. Specifically, defendants contend that the Tax Division never received the initial FOIA request dated June 5, 1995. Moreover, defendants claim that plaintiff never sent the required identity verification form. In response, plaintiff points out that the initial FOIA request, dated June 5, 1995, with the clear heading that it was addressed to the Tax Division, is attached as an Exhibit to defendants' motion for summary judgment with respect to Counts I–VIII and XI. In addition, plaintiff has submitted an affidavit in which he asserts that he executed the identity verification form and forwarded same to the Tax Division on October 26, 1995. Given these circumstances and in the interests of judicial economy, on September 16, 1998 this court ordered the Tax Division to accept an identity verification form from plaintiff and immediately begin processing his request.

Therefore, this court will deny defendants' motion for summary judgment as it relates to Count X.

### Conclusion

For the reasons set forth above, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that defendants' motions for summary judgment pursuant to Fed.R.Civ.P. 56 are **GRANTED in** part and **DENIED in part** in accordance with the terms set forth in this opinion.

**IT IS FURTHER ORDERED** that Counts I, II, V, VI, VII, VIII, IX and XI of plaintiff's complaint are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Count IV is **DISMISSED in part with prejudice** in accordance with the terms set forth in this opinion.

**IT IS FURTHER ORDERED** that EOUSA shall release a copy of "Document (2)" to plaintiff within ten (10) days of the date of entry of this order.

**SO ORDERED.**